COPY

1   LINDA CLAXTON, CA Bar No. 125729
    linda.claxton@ogletreedeakins.com
2   DANIEL PARKER JETT, CA Bar No. 178070
    daniel.jett@ogletreedeakins.com
3   BRENDAN Y. JOY, CA Bar No. 254959
    brendan.joy@ogletreedeakins.com
4   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
5   400 South Hope Street, Suite 1200
    Los Angeles, CA  90071
6   Telephone:  213.239.9800
    Facsimile:   213.239.9045
7
    Attorneys for Defendant
8   COVIDIEN, LP (erroneously named as TYCO
    HEALTHCARE GROUP, LP, COVIDIEN HOLDING,
9   INC., EV3 INTERNATIONAL, INC. and MICRO
    THERAPEUTICS, INC.)
10

                    FILED
              CLERK, U.S. DISTRICT COURT

                  DEC 13 2012

        CENTRAL DISTRICT OF CALIFORNIA
        BY                        DEPUTY

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13
14  VAN BA MA, on behalf of himself and     Case No. SACV12-2161-DOC (RNBx)
    on behalf of a Class of all other persons
15  similarly situated                       NOTICE OF REMOVAL OF ACTION
                                             UNDER 28 U.S.C. §§ 1332(d), 1441,
16            Plaintiff,                      AND 1453

17       v.                                  [Orange County Superior Court Case No.
                                             30-2012-00601699-CU-OE-CXC]
18  COVIDIEN HOLDING, INC., an
    unknown business entity; TYCO            [Filed concurrently with Certification of
19  HEALTHCARE GROUP LP, an                  Interested Entities or Persons; Decl. of
    unknown business entity; EV3             Cheryl Copeland; Decl. of Laura J.
20  INTERNATIONAL, INC., an unknown          Khoury; Decl. of Daniel Parker Jett;
    business entity; MICRO                   Notice of Related Cases; and Civil Cover
21  THERAPEUTICS, INC. and DOES 1            Sheet]
    through 100, inclusive,
22
              Defendants.
23
24
25
26
27
28

13870961_1.DOC

                                                                    Case No.
─────────────────────────────────────────────
                        NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE,** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendant COVIDIEN, LP (erroneously named herein as Tyco Healthcare Group, LP, Covidien Holdings, Inc., EV3 International, Inc., and Micro Therapeutics, Inc.) ("Covidien") hereby removes above-entitled action from the Superior Court of the State of California for the County of Orange County to this Court.  Covidien states the following grounds for removal:

## PROCEDURAL BACKGROUND

1.    On or about September 28, 2012, Plaintiff VAN BA MA ("Plaintiff") commenced an action against Covidien in the Superior Court of the State of California for the County of Orange, entitled <u>VAN BA MA, on behalf of himself and on behalf of a Class of all person similarly situated, Plaintiff, vs. COVIDIEN HOLDING, INC., an unknown business entity; TYCO HEALTHCARE GROUP LP, an unknown business entity; EV3 INTERNATIONAL, INC., an unknown business entity; MICRO THERAPEUTICS, INC. and DOES 1 through 100, inclusive,</u> and assigned Case No. 30-2012-00601699-CU-OE-CXC.  A copy of the Summons and Complaint, and all other documents served on Covidien is attached as "Exhibit A."

2.    Covidien was served with a notice of acknowledgement of receipt –civil on October 24, 2012.  Covidien acknowledged service of the Summons and Complaint on November 13, 2012.  A copy of the served and executed Notice and Acknowledgment of Receipt – Civil is attached as "Exhibit B."  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint.  Tyco Healthcare Group, L.P. ("Tyco Healthcare") was recently renamed as Covidien.  Declaration of Cheryl Copeland In Support of Notice of Removal ("Decl. Copeland"), filed herewith, at ¶ 5.  In or around July 2010, Covidien (then known as Tyco Healthcare) acquired EV3, Inc. Decl. Copeland, ¶ 5.  At the time Covidien acquired EV3, Inc., both Micro Therapeutics, Inc. and EV3 International, Inc. were wholly owned subsidiaries of

1    EV3, Inc., and subsumed into Covidien. Decl. Copeland, ¶ 5. Covidien Holding,

2    Inc., the general partner in Covidien, L.P., is incorporated under the laws of the State

3    of Delaware and maintains its principal place of business in Mansfield,

4    Massachusetts. Decl. Copeland, ¶ 6. Covidien Holding, Inc. has never been an

5    employer of record for any personnel employed by Covidien in California. Decl.

6    Copeland, ¶ 6. Covidien acknowledged service on behalf of all named defendants.

7    See Declaration of Daniel Parker Jett In Support of Notice of Removal ("Decl. Jett"),

8    filed herewith, at ¶ 19.

9          3.     On December 11, 2012, Covidien filed its Answer to Class Action

10   Complaint in Orange County Superior Court. A true and correct copy of Covidien's

11   Answer is attached as Exhibit "C" to this Notice.

12         4.     On October 15, 2012, the Honorable Kim G. Dunning of the Orange

13   County Superior Court issued a minute order. A true and correct copy of the minute

14   order is attached as Exhibit "D" to this Notice.

15         5.     The Complaint alleges eight (8) causes of actions: (1) failure to provide

16   meal periods; (2) failure to provide rest periods; (3) failure to provide proper

17   itemized wage statements; (4) failure to pay wages twice monthly; (5) failure to pay

18   wages for hours worked; (6) failure to pay wages upon termination of employment;

19   (7) unlawful competition and unlawful business practices; and (8) violation of the

20   Private Attorney Generals Act of 2004. The Complaint, which was filed as a putative

21   class action, purports to seek relief on behalf of Plaintiff, individually, and "all non-

22   exempt employees employed by [Covidien]," during the four-year period prior to the

23   filing of the Complaint. Complaint, ¶¶ 1-2.

24              **CLASS ACTION FAIRNESS ACT JURISDICTION**

25         6.     This Court has jurisdiction over this action, and it is properly removable

26   to this Court, under the Class Action Fairness Act ("CAFA"), because (1) the

27   number of putative class members in the plaintiff class exceeds 100, (2) the amount

28   in controversy exceeds $5 million, and (3) there exists minimal diversity between the

1    plaintiffs and defendants.  28 U.S.C. § 1332(d)(2), (4).

2        7.      Under CAFA, federal district courts have original jurisdiction over a

3    class action if (1) it involves 100 or more putative class members, (2) any putative

4    class member is a citizen of a state different from any defendant, and (3) the

5    aggregated claims of the members of the putative class exceed $5,000,000.  28

6    U.S.C. §§ 1332(d)(2) and (d)(6).  This action is one over which this Court has

7    original jurisdiction under 28 U.S.C. § 1332(d) and is one which may be removed by

8    Defendants pursuant to 28 U.S.C. §§ 1441 and 1453, in that the number of potential

9    class members exceeds 100, there is minimal diversity between Plaintiff and

10    Covidien, and the amount in controversy exceeds the aggregate value of

11    $5,000,000.00.

12        8.      The putative class consists of more than 100 members.  Plaintiff

13    purports to bring this action on behalf of "non-exempt employees employed by, or

14    formerly employed by" Covidien during the applicable limitations periods, including

15    the four (4) years prior to the filing of the Complaint.  Complaint, ¶ 1-2.  Based on a

16    review of Covidien's business records, the putative class, as defined by Plaintiff's

17    Complaint and who were and are employed by Covidien from September 28, 2008 to

18    September 28, 2012, at its Campbell, Costa Mesa, Irvine, Loma Linda, Commerce,

19    Ontario, Carlsbad, Pleasanton, San Francisco, San Jose, Santa Clara, and San Diego

20    California locations includes approximately 584 persons.  See Declaration of Laura

21    J. Khoury In Support of Notice of Removal ("Decl. Khoury"), filed herewith, at ¶ 3.

22    Therefore, this action is a class action pursuant to 28 U.S.C. § 1332(d).

23        9.      Minimal diversity exists between the parties.  Plaintiff is a citizen of the

24    State of California.  Complaint, ¶ 5.  Members of the putative class, who are or were

25    employed in California, are presumed to be primarily citizens of the State of

26    California.  Covidien was, at the time of the filing of this action, and still is, a limited

27    partnership formed under the laws of the State of Delaware.  Decl. Copeland, ¶ 3.

28    Covidien's principal place of business is Massachusetts.  Decl. Copeland, ¶ 3.

1   Covidien's headquarters, and its executive and senior management personnel, as well

2   as its primary management operations, are located in Massachusetts.  Decl.

3   Copeland, ¶ 3.  Pursuant to 28 U.S.C. § 1332(d)(10), a partnership is deemed a

4   citizen only of the state under whose laws it is organized and where it has its

5   principal place of business.  Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026 (9th

6   Cir. 2009) (stating that a limited partnership is a citizen of (1) the state under whose

7   laws it is organized or incorporated; and (2) the state of its "principal place of

8   business," with the state of the principal place of business being either where a

9   substantial predominance of corporate operations occur or where the majority of the

10  partnership's executive and administrative functions are performed).  Accordingly,

11  Covidien is not a citizen of the State of California.

12          10.     Therefore, the minimal diversity of citizenship requirements under 28

13  U.S.C. § 1332(d)(2) are met.

14          11.     <u>Amount in Controversy</u>.  Based on the allegations in the Complaint, the

15  alleged amount in controversy exceeds, in the aggregate, Five Million Dollars

16  ($5,000,000), as demonstrated below.  In his Complaint, Plaintiff does not allege any

17  specific amount in controversy.  This failure of the Complaint to clearly specify the

18  total amount of monetary relief sought by Plaintiff does not deprive this Court of

19  jurisdiction, however.  <u>White v. J.C. Penny Life Ins. Co.</u>, 861 F.Supp. 25, 26 (S.D.

20  W.Va.1994) (defendant may remove suit to federal court notwithstanding the failure

21  of Plaintiff to plead a specific dollar amount in controversy; if the rules were

22  otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a

23  specific dollar claim upon its claim.").  Rather, in order for this case to come under

24  CAFA jurisdiction, Defendant simply needs to establish by a preponderance of the

25  evidence that Plaintiff's claims exceed the jurisdictional minimum.  <u>Sanchez v.</u>

26  <u>Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996); <u>Singer v. State Farm</u>

27  <u>Mutual Auto Ins. Co.</u>, 116 F.3d 373, 376 (9th Cir. 1997); <u>Guglielmino v. McKee</u>

28  <u>Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007) (in CAFA removal actions, where

1  the amount in controversy is unclear from the face of the complaint, defendant must

2  produce underlying facts showing that it is more likely than not that the amount in

3  controversy exceeds $5 million).

4      12.    While Defendant denies the validity of Plaintiff's claims and request for

5  relief, the facial allegations in the Complaint and the <u>alleged damages</u> of Plaintiff

6  exceed the jurisdictional minimum. <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295,

7  298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with

8  plaintiff's allegations, were sufficient to support finding of jurisdiction); <u>DeAguillar</u>

9  <u>v. Boeing Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show

10  by a preponderance of the evidence that the amount in controversy is greater than the

11  jurisdictional amount"); <em>accord</em> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th Cir.

12  1992); <u>White v. FCI USA, Inc.</u>, 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent

13  from the lengthy list of damages, combined with a claim for attorney's fees, that

14  plaintiff's claim exceeded the jurisdictional threshold).

15      13.    In determining the amount in controversy for CAFA, all potential

16  damages based on the claims in the Complaint, as well as attorney's fees, are

17  included. <u>Guglielmino</u>, <u>supra</u>, 506 F.3d at 701 (unspecified attorney's fees are

18  appropriately counted toward the amount in controversy in CAFA removal actions);

19  <u>Muniz v. Pilot Travel Centers, LLC</u>, 2007 WL 1302504, *3 (E.D. Cal., May 1, 2007)

20  (slip copy) ("In measuring the amount in controversy, a court must assume that the

21  allegations of the complaint are true and that a jury will return a verdict for the

22  plaintiffs on all claims made in the complaint."). In conjunction with counsel,

23  Defendant has performed an analysis of its records for the purpose of calculating the

24  amount in controversy in this action. Decl. Khoury, ¶¶ 2-8.[1] Pursuant to its

---

[1] For purposes of effecting removal pursuant to 28 USC §1332(d), declarations from a
defendant constitute sufficient evidence to establish the amount in controversy. <u>See</u> <u>Muniz</u>
<u>v. Pilot Travel Centers LLC</u>, 2007 WL 1302504 at *2, 3 (holding that removal was proper
where amount in controversy was established by information contained in a declaration
from the defendant setting forth the underlying facts needed to calculate the amount in
controversy based on the allegations in the complaint as well as a declaration from counsel
containing the estimated calculations themselves).

1   calculations, as detailed more thoroughly below, Defendants estimate that the

2   amount in controversy is at least **$27,133,608**, which satisfies CAFA's jurisdictional

3   prerequisite. Decl. Jett, ¶ 18.

4         14.   <u>First Cause of Action – Failure to Provide Meal Periods.</u>  Plaintiff

5   alleges that "[Covidien] has had a consistent policy of requiring Class Members

6   within the State of California, including PLAINTIFF, to work at least five (5) hours

7   without a lawful meal period…" Complaint, ¶ 2.  Plaintiff also alleges that he and

8   the class members "regularly" were "required to work in excess of five (5) hours per

9   day without being provided an uninterrupted meal period" in violation of Labor

10  Code §§ 226.7 and 512.  Complaint, ¶¶ 12, 45-47.  Plaintiff alleges that, pursuant to

11  Labor Code § 226.7 and Cal. Code of Regulations, Title 8, § 11010(11)(D), he and

12  the class members are entitled to one hour of pay at his regular rate of pay for each

13  missed meal period during the four-year period prior to the filing of his complaint.

14  See, Complaint, ¶¶ 19, 51 & Prayer for First Cause of Action.  Based on a review of

15  Covidien's business records, 584 putative class members worked approximately

16  89,680 weeks during the applicable four-year limitations period, and received an

17  average hourly rate of $21.38 during that time. Decl. Khoury, ¶¶ 5-6.  Thus,

18  according to Plaintiff's allegations that Covidien had a "consistent policy of

19  requiring class members to work at least five (5) hours without a lawful meal period"

20  and that he and class members "regularly" missed meal periods, the putative class

21  members may be entitled to recover at least the following approximate amount:

22  $21.38 (average base hourly rate for all putative class members) x 3 (3 missed meal

23  periods per work week)[2] x 89,680 (approximate number of weeks worked during the

24  applicable four-year period) = **$5,752,075.20**-- the amount in controversy for

25  Plaintiff's class action under his First Cause of Action.  Decl. Jett, ¶ 8.

26

27  [2] Because Plaintiff alleges that class members "regularly" were "required to work in excess
    of five (5) hours per day without being provided an uninterrupted meal period," and

28  "regularly" is generally defined as "frequently" or "more often than not," Defendant has
    calculated the frequency of this alleged meal period violation as 3 out of 5 days.

1        Plaintiff also seeks civil penalties pursuant to the California's Private Attorney

2   Act ("PAGA").  Pursuant to PAGA, Plaintiff and class members also seek to recover

3   civil penalties under Labor Code § 558 for the alleged violations of § 512 in that they

4   were allegedly denied meal periods.  Complaint, ¶¶ 58, 106 & Prayer for Eighth

5   Cause of Action.  The statute of limitations for a claim for civil penalties under

6   Section 558 is one year.  See Cal. Code Civ. Proc., § 340(a).  Based on a review of

7   Covidien's business records, during the applicable one year period of time, 260

8   nonexempt hourly putative class members were paid weekly, or over 52 pay periods

9   from September 28, 2011, to September 28, 2012, and 114 nonexempt salary

10  putative class members were paid biweekly, or over 26 pay periods from September

11  28, 2011, to September 28, 2012.  Decl. Khoury, ¶ 4.  Thus, the 260 nonexempt

12  hourly putative class members received 13,520 wage statements during the period.

13  The 114 nonexempt salary putative class members received 3,744 wage statements

14  during the period.  If successful, the putative class may be entitled to a civil penalty

15  of $50 per pay period.[3]  This penalty would occur even if there was only one

16  occurrence of a failure to correctly pay in a week.  Thus, under Plaintiff's theory of

17  the case, the putative class would be entitled to civil penalties for denied meal

18  periods under Section 558 as follows:  ($50 x 260 nonexempt hourly employees x 52

19  pay periods = $676,000) +  ($50 x 114 nonexempt hourly employees x 26 pay

20  periods = $148,200) = **$824,200**.  Decl. Jett, ¶ 15.

21      15.  <u>Second Cause of Action – Failure to Provide Rest Periods.</u>

22      Similarly, with respect to rest periods, Plaintiff alleges that he and putative

23  class members never "received a rest break premium for a missed, shortened, or late

24

25  _____

   [3] Until an employer is notified by a court or labor commissioner that it is violating a

26  Labor Code provision, any alleged repeat violations are treated as initial (not

   subsequent) violations triggering the initial penalty per employee per pay period.

27  <u>Amaral v. Cintas Corp. No. 2</u>, 163 Cal.App.4th 1157, 1209 (2008).  Thus, this

   damage analysis in regards to all PAGA penalties examines only the initial violations

28  and penalties, not the subsequent violations and penalties, which would be subject to

   an even higher penalty amount.

13870961_1.DOC

1    rest period" and that Plaintiff and class members were not provided "lawful rest

2    periods, and were not provided with one hour's wages in lieu thereof."  Complaint,

3    ¶¶ 18, 20.  Plaintiff further alleges "[a]t all times relevant hereto, [Covidien] failed to

4    provide rest periods and actually prevented rest periods as required by Labor Code

5    §§ 226.7 and Cal. Code of Regulations, Title 8, §11010(12)(A)."  Complaint, ¶ 57.

6    Plaintiff alleges that, pursuant Labor Code § 226.7 and California Code of

7    Regulations, Title 8, §11010(12)(A), he and the putative class are entitled to one

8    hour of pay of their regular rate of pay for each missed rest period during the four-

9    year period prior to the filing of his complaint.  Complaint, ¶¶ 61 & Prayer for

10   Second Cause of Action.  Thus, according to Plaintiff's allegations that "**at all**

11   **times**" Covidien failed to provide rest periods, class members are entitled to recover

12   at least the following approximate amount: $21.38 (average regular hourly rate for

13   putative class member) x 5 (5 missed rest periods per work week) x 89,680 (number

14   of weeks worked during the applicable four-year period) = **$9,586,792**-- the amount

15   in controversy for Plaintiff's class action under his Second Cause of Action.  Decl.

16   Jett, ¶ 9.

17        16.    Third Cause of Action – Failure to Provide Proper Itemized Statements.

18   Plaintiff alleges that Covidien violated Labor Code § 226 in that "throughout the

19   Class Period, [Covidien] intentionally failed to furnish PLAINTIFF and the

20   PLAINTIFF CLASSES, upon each payment of wages, itemized statements

21   accurately showing:  meal periods taken, total hours worked, the applicable hourly

22   rates in effect during each pay period and the corresponding hours worked at each

23   hourly rate, amongst other statutory requirements."  Complaint, ¶ 63.  Under

24   § 226(e), an injured employee can recover actual damages or penalties of $50 for the

25   first pay period in which a violation occurs, and $100 for each subsequent pay

26   period, (up to an aggregate penalty of $4,000) for a knowing and intentional

27   violation.  See, Cal. Lab. Code, § 226(e).  Plaintiff alleges that the putative class is

28   entitled to penalties not to exceed $4,000 for each employee.  Complaint, ¶ 26.  The

1   statute of limitations for a claim for penalties under Section 226(e) is one year. <u>See</u>,

2   Cal. Code Civ. Proc., § 340(a). Thus, if successful, the putative class would recover

3   a $4,000 penalty for the violations for each hourly employee, and $2,550 for each

4   salaried employee ($50 for initial violation + $100 x 25 subsequent pay period

5   violations), throughout the one year period, or ($4,000 x 260 hourly employees =

6   $1,040,000) + ($2,550 x 114 salaried employees = $290,700) = **$1,330,700**. Decl.

7   Jett, ¶ 10.

8        Pursuant to PAGA, Plaintiff and class members also seek to recover civil

9   penalties under Labor Code § 2699(f) for the alleged violations of Section 226.

10   Complaint, ¶¶ 102, 103, 107 and Prayer for Eighth Cause of Action. The statute of

11   limitations for a claim for statutory penalties under Section 2699(f) (based on

12   violations of Section 226) is one year. <u>See</u>, Cal. Code Civ. Proc., § 340(a). Thus, if

13   successful, the putative class may recover a $100 penalty for each violation

14   throughout the one-year period, or ($100 x 260 nonexempt hourly employees x 52

15   pay periods = $1,352,000) + ($100 x 114 nonexempt hourly employees x 26 pay

16   periods = $296,400) = **$1,648,400**. Decl. Jett, ¶ 14.

17        17.   <u>Fourth Cause of Action – Failure to Pay Wages For Hours Worked.</u>

18        Plaintiff alleges that Covidien "violated <u>Labor Code</u> § 204 by **systematically**

19   refusing to pay wages due under the <u>Labor Code</u>." Complaint, ¶ 68. Pursuant to

20   PAGA, Plaintiff and the class members seek to recover civil penalties under Labor

21   Code § 2699(f) for the alleged violations of Section 204. Complaint, ¶¶ 69, 102,

22   103, 107 & Prayer for Eighth Cause of Action. The statute of limitations for a claim

23   for statutory penalties under Section 2699(f) (based on violations of Section 204) is

24   one year. <u>See</u>, Cal. Code Civ. Proc. § 340(a). Thus, if successful, the putative class

25   would recover a $100 penalty for each violation throughout the one-year period, or

26   ($100 x 260 nonexempt hourly employees x 52 pay periods = $1,352,000) + ($100 x

27   114 nonexempt hourly employees x 26 pay periods = $296,400) = **$1,648,400**. Decl.

28   Jett, ¶ 14.

9

Case No. _____

NOTICE OF REMOVAL

18.     <u>Sixth Cause of Action – Failure To Pay All Wages Due Upon</u>
<u>Termination Of Employment.</u>   Plaintiff alleges that Covidien violated Labor Code §
203 in that "PLAINTIFF and many of the PLAINTIFF CLASSES quit or were
discharged from their employment with [Covidien]…" and Covidien "failed to pay
them without abatement, all wages defined by applicable California law."
Complaint, ¶ 75.  Section 203 of the Labor Code provides that if an employer fails to
pay wages owed upon termination then the employee's wages continue to accrue as a
form of a penalty from the due date and at the same rate until paid, but not for more
than 30 days after the employment relationship is terminated.  The statute of
limitations for a claim for statutory penalties under Section 203 is three years.
<u>Pineda v. Bank of America</u>, 50 Cal.4th 1389 (2010).  Based on a review of
Covidien's business records, 184 class members were terminated during the period
from September 28, 2009 to September 28, 2012 and made an average hourly rate of
$20.75.  Decl. Khoury, ¶¶ 7-8; Decl. Jett, ¶ 11.  Therefore, according to Plaintiff's
allegations in the Complaint, many of the class members potential recovery for this
claim is: ($20.75 class members' average hourly base pay rate for the three-year
period of September 28, 2009 to September 28, 2012) x (92 employees terminated
during the three year period of September 28, 2009, to September 28, 2012)[4] x 8
hours (full-time work day) x 30 days = **$458,160.**  Decl. Jett, ¶ 12.  In addition,
pursuant to PAGA, Plaintiff and class members also seek to recover civil penalties
under California Labor Code § 256 for the alleged violation of California Labor
Code § 203 (Complaint, ¶¶ 102, 103, 107 and Prayer for Eighth Cause of Action),
which would amount to an additional 30 days pay, or **$458,160.**  Decl. Jett, ¶ 16.

19.     **Seventh Cause of Action – Unfair Competition.**   Plaintiff alleges that
Covidien " has engaged in unfair, unlawful, and fraudulent business practices, in

---

[4] With "many" not necessarily equating to all, the 92 employees calculation is half of the
184 employees who were terminated during the period from September 28, 2009 to
September 28, 2012.

13870961_1.DOC

1   violation of <u>Business & Professions Code</u> § 17200 *et seq.*" Complaint, ¶ 81.

2   Plaintiff further alleges that he and class members are entitled to "disgorge the

3   profits which [Covidien] has acquired, or of which PLAINTIFF has been deprived,

4   by means of the above-described unfair, unlawful and/or fraudulent business

5   practices." Complaint, ¶ 94. The amount in controversy for Plaintiff's class claims

6   for restitution of unpaid wages for overtime and for missed breaks are duplicative of

7   the amounts in controversy described above.

8          20.    **Attorneys' Fees.** Plaintiff seeks to recover attorney's fees under his

9   First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, as allowed by law.

10  (Complaint Prayer for First, Second, Third, Fourth, Fifth, and Sixth Causes of

11  Action). Attorneys' fees may properly be included in calculation of the amount of

12  controversy where an underlying statute authorizes an award of attorneys' fees. <u>Galt

13  G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998). If successful, Plaintiff

14  will likely seek an attorneys' fee award of at least 25% of the total recovery on her

15  individual claims, or **$5,426,721.70** (.25 x **$21,706,887** (the sum of the amounts in

16  controversy for individual claims described above). Decl. Jett, ¶ 17.

17         21.    **Summary of Amount in Controversy – All Class Claims.** As detailed

18  above, the amounts in controversy for Plaintiff's individual claims plus attorneys'

19  fees total at least **$27,133,608**, far exceeding the required amount in controversy

20  required for jurisdiction under 28 U.S.C. § 1332(d). Decl. Jett, ¶ 18.

21                **COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

22         22.    As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the

23  district court of the United State in which the action is pending. The state court

24  action was pending in the Orange County Superior Court, which is located within the

25  boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

26         23.    As required by 28 U.S.C. § 1446, Covidien hereby provides this Court

27  with copies of all process, pleadings and orders received by Covidien in this action

28  (attached as Exhibits A-D), Covidien has not received any pleadings, process or

13870961_1.DOC

1   orders besides those attached.

2       24.    As required by 28 U.S.C. § 1446(d), Covidien will promptly give

3   written notice of the filing to Plaintiff, and file a copy of the Notice with the clerk of

4   the Superior Court of the State of California, County of Orange.

5       25.    In the event this Court has a question regarding the propriety of this

6   Notice of Removal, Covidien requests that the Court issue an Order to Show Cause,

7   so that Covidien may have an opportunity to address the Court's question.

8       Accordingly, Covidien removes the above-entitled action to this Court.

9

10   DATED:  December /3, 2012          **OGLETREE, DEAKINS, NASH, SMOAK**

11                                      **& STEWART, P.C.**

12

13                                      By: _____

14                                          Linda Claxton
                                            Daniel Parker Jett
15                                          Brendan Y. Joy
                                        Attorneys for Defendant COVIDIEN, LP

16

17

18

19

20

21

22

23

24

25

26   13870961.1 (OGLETREE)

27

28

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COVIDIEN HOLDING, INC., an unknown business entity; TYCO HEALTHCARE GROUP
LP, an unknown business entity; EV3 INTERNATIONAL, INC., an unknown business entity;
MICRO THERAPEUTICS, INC. and DOES 1 through 100, inclusive,INTERNATIONAL,
INC., an unknown business entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VAN BA MA, on behalf of himself and on behalf of a Class of all other persons
similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/28/2012** at 10:07:15 AM

Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Orange County Superior Court, Civil Complex Center,
751 West Santa Ana Blvd, Santa Ana, CA 92701

**CASE NUMBER:** *(Número del Caso):* 30-2012-00601699-CU-OE-CXC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard E. Quintilone II, Esq. (SBN 200995)
Quintilone & Associates, 22974 El Toro Road, Suite 100, Lake Forest, CA 92630-4961 Phone 949.458.9675

| DATE: 09/28/2012<br>*(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by *Fidel Ibarra*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Fidel Ibarra

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*LexisNexis® Automated California Judicial Council Forms* |
| --- | --- | --- |

Exhibit __A__, Page __13__

1  RICHARD E. QUINTILONE II (SBN 200995)
2  JESSE M. BABLOVE (SBN 279886)
   **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD SUITE 100
3  LAKE FOREST, CA 92630-4961
   TELEPHONE NO. (949) 458-9675
4  FACSIMILE NO. (949) 458-9679
   E-MAIL: REQ@QUINTLAW.COM; JMB@QUINTLAW.COM
5  JOHN D. TRIEU (SBN 189198)
   **LAW OFFICES OF JOHN D. TRIEU, APC**
6  9211 BOLSA AVE., SUITE 222
7  WESTMINSTER, CA 92683
   TELEPHONE NO.: 714.892.2154
8  FACSIMILE NO.: 714.893.6710
   E-MAIL: JOHN@TRIEULAW.COM

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**09/28/2012** at 10:07:15 AM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

Judge Kim G. Dunning
**CX-104**

9  Attorneys for Plaintiff, VAN BA MA on behalf of himself and on behalf of a Class of all other persons
10 similarly situated

11              **SUPERIOR COURT OF CALIFORNIA**

12        **COUNTY OF ORANGE, CIVIL COMPLEX CENTER**

| | |
|---|---|
| 13 VAN BA MA, on behalf of himself and on behalf of a Class of all other persons similarly situated | Case No.: 30-2012-00601699-CU-OE-CXC |
| 14 | **CLASS ACTION** |
| 15 | **Assigned For All Purposes To:** |
| Plaintiff, | |
| 16 vs. | **CLASS ACTION COMPLAINT FOR:** |
| 17 | 1. **FAILURE TO PROVIDE MEAL PERIODS;** |
| COVIDIEN HOLDING, INC., an unknown | 2. **FAILURE TO PROVIDE REST PERIODS;** |
| 18 business entity; TYCO HEALTHCARE | 3. **FAILURE TO PROVIDE PROPER ITEMIZED STATEMENTS;** |
| GROUP LP, an unknown business entity; EV3 | 4. **FAILURE TO PAY WAGES TWICE MONTHLY;** |
| 19 INTERNATIONAL, INC., an unknown | 5. **FAILURE TO PAY WAGES FOR HOURS WORKED;** |
| 20 business entity; MICRO THERAPEUTICS, INC. and DOES 1 through 100, inclusive, | 6. **FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT;** |
| 21 | 7. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES;** |
| 22 Defendants. | 8. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004** |
| 23 | |
| 24 | |

25      All allegations in this Complaint are based upon information and belief except for those

26 allegations, which pertain to the PLAINTIFF named herein and his counsel. Each allegation in

27 this Complaint either has evidentiary support or is likely to have evidentiary support after a

28 reasonable opportunity for further investigation and discovery.

-1-

Exhibit____A____, Page ___14___

**1.     INTRODUCTION**

1.     This is a class action, pursuant to California Code of Civil Procedure § 382, on behalf of PLAINTIFF and all non-exempt employees employed by, or formerly employed by, COVIDIEN HOLDING, INC., an unknown business entity, TYCO HEALTHCARE GROUP LP, an unknown business entity, EV3 INTERNATIONAL, INC., an unknown business entity, MICRO THERAPEUTICS, INC., an unknown entity and DOES 1 thorough 100 ("DEFENDANTS"), within the State of California.   The non-exempt employees employed by, or formerly employed by, DEFENDANTS within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.     For at least four years prior to the filing of this action and through to the present, DEFENDANTS consistently maintained and enforced against DEFENDANTS' non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

(a)     DEFENDANTS has had a consistent policy of requiring Class Members within the State of California, including PLAINTIFF, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

(b)     DEFENDANTS have had a consistent policy of failing to provide Class Members within the State of California, including PLAINTIFF, rest periods of at least (10) minutes for every shift over 3.5 hours and/or 7 hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

(c)     With respect to Class Members who either were discharged, laid off, or resigned, DEFENDANTS failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203; and

-2-

Exhibit _____ A _____, Page 15

1         (d)     DEFENDANTS failed to maintain accurate records of Class Members' earned

2               wages and work periods.

3      3.     PLAINTIFF, on behalf of himself and all other Class Members, brings this action

4 pursuant to California Labor Code §§ 201, 202, 203, 218, 218.6, 226, 226.7, 511, 512, 558, 1199,

5 2698, 2699 and California Code of Regulations, Title 8, § 11000 *et seq.*, seeking unpaid meal and rest

6 period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees

7 and costs.

8      4.     PLAINITFF, on behalf of himself and all Class Members, pursuant to Business &

9 Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful,

10 or fraudulent practices alleged in this Complaint.

11 **2.    PARTIES**

12     **A.    Plaintiff**

13      5.     PLAINTIFF VAN BA MA is a resident and citizen of California.  At relevant times

14 herein, he was employed by DEFENDANTS as a non-exempt hourly employee working as an

15 "assembler" for DEFENDANTS.

16     **B.    DEFENDANTS**

17      6.     COVIDIEN HOLDING, INC. ("COVIDIEN"), TYCO HEALTHCARE GROUP LP

18 ("TYCO"), EV3 INTERNATIONAL, INC. ("EV3"), and MICRO THERAPEUTICS, INC. ("MTI")

19 are unknown business entities domiciled within the State of California.  Covidien is a leading medical

20 equipment manufacturer and supply company.  It owns and operates locations throughout California,

21 including a manufacturing plant located in Irvine, California, in the County of Orange.

22      7.     The true names and capacities, whether individual, corporate, associate, or otherwise,

23 of DEFENDANTS sued herein as DOES 1 to 100, inclusive, are currently unknown to PLAINTIFF,

24 who therefore sues DEFENDANTS by such fictitious names under California Code of Civil

25 Procedure § 474.  PLAINTIFF is informed and believes, and based thereon alleges, that each of the

26 DEFENDANTS designated herein as a DOE is legally responsible in some manner for the unlawful

27 acts referred to herein.  PLAINTIFF will seek leave of court to amend this Complaint to reflect the

28

CLASS ACTION COMPLAINT

Exhibit ___A___ , Page ___16___

1 true names and capacities of the DEFENDANTS designated hereinafter as DOES when such
2 identities become known.

3     8.    PLAINTIFF is informed and believes, and based thereon alleges, that each
4 DEFENDANT acted in all respects pertinent to this action as the agent of the other DEFENDANTS,
5 carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of
6 each DEFENDANT is legally attributable to the other DEFENDANTS. Furthermore,
7 DEFENDANTS in all respects acted as the employer and/or joint employer of PLAINTIFF and the
8 Class Members.

9     9.    PLAINTIFF is informed and believes, that DEFENDANT COVIDIEN is a successor
10 in interest to DEFENDANTS EV3, TYCO, and MTI.   A substantial continuity of business
11 operations exists between DEFENDANTS COVIDIEN, EV3, MTI, and TYCO in areas such as the
12 line of work, the employees, the location, the contacts, the management and the name.
13 DEFENDANT COVIDIEN had notice of the wage violations.  DEFENDANT COVIDIEN has the
14 ability to provide relief to the employees who were victims of the wage violations while employed
15 by DEFENDANTS EV3, MTI, and TYCO.

16     10.    Venue as to each DEFENDANT is proper in this judicial district, pursuant to
17 California Code of Civil Procedure § 395.  On information and belief, DEFENDANT operates and is
18 doing business as COVIDIEN HOLDING, INC., TYCO HEALTHCARE GROUP LP, EV3
19 INTERNATIONAL, INC., and MICRO THERAPEUTICS, INC.   On information and belief,
20 DEFENDANTS operate and are doing business as throughout California and are doing business in
21 Orange County, and each DEFENDANT is within the jurisdiction of this Court for service of
22 process purposes.  The unlawful acts alleged herein have a direct effect on PLAINTIFF and those
23 similarly situated within the State of California. DEFENDANTS employ numerous Class Members
24 in its Orange County location.

25
26
27
28

-4-

CLASS ACTION COMPLAINT

Exhibit_____A_____, Page_____17

**3.    FACTUAL BACKGROUND**

11.    PLAINTIFF and the Class Members are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the California <u>Labor Code</u> and the implementing rules and regulations of IWC California Wage Orders. DEFENDANTS hire hourly employees who work in non-exempt positions in the State of California.

12.    As DEFENDANTS' non-exempt employee, PLAINTIFFS, and the Class he seeks to represent were regularly required to work in excess of five (5) hours per day without being provided an uninterrupted meal period and were not compensated one (1) hour of pay at the regular rate of compensation for each workday that a proper meal period was not provided, all in violation of California labor laws, California Code of Regulations and the Industrial Welfare Commission Wage Orders ("IWC");

13.    PLAINTIFF and other Class members never received a second uninterrupted meal period when they worked a shift that last longer than ten (10) hours, and they in fact did not know they were entitled to an additional meal break or one hour of pay since DEFENDNATS never informed them of this law.

14.    DEFENDANTS misled PLAINTIFF and other Class members into believing that they were entitled to a second meal period only if they worked more than eleven (11) hours in a work shift which contradicts California law. As a result, PLAINTIFF and other Class members regularly worked more than ten (10) hours a day and were not provided a second meal period. DEFENDANTS' misrepresentations resulted in a lack of knowledge by PLANTIFF and other Class members to even ask for a second meal period and created an incentive to skip legally protected breaks.

15.    Neither PLAINTIFF nor other Class Members ever signed a meal break waiver form.

16.    DEFENDANTS failed to record meal periods as required by the <u>Labor Code.</u>

17.    Neither PLAINTIFF nor other Class Members ever received a meal break premium for a missed, shortened or late meal period.

18.    Neither PLAINTIFF nor other Class Members ever received a rest break premium for a missed, shortened or late rest period.

-5-

1      19.    PLAINTIFF and DEFENDANTS' non-exempt employees were not provided lawful

2    meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the

3    following manners:

4              (a)    employees were not provided full thirty-minute duty free meal periods for work

5                    days in excess of five (5) hours and were not compensated one hour's wages in

6                    lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and

7                    the applicable Industrial Welfare Commission Wage Order(s);

8              (b)    employees were not provided full thirty-minute duty free meal periods for work

9                    days in excess of ten (10) hours and were not compensated one hour's wages in

10                   lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and

11                   the applicable Industrial Welfare Commission Wage Order(s);

12     20.    PLAINTIFF and DEFENDANTS' non-exempt employees were not provided lawful

13   rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the

14   following manners:

15             (a)    employees were required to work without being provided a minimum ten

16                   minute rest period for every four (4) hours or major fraction thereof worked and

17                   were not compensated one (1) hour of pay at their regular rate of compensation

18                   for each workday that a rest period was not provided; and

19             (b)    employees were restricted in their ability to take their full ten minutes net rest

20                   time.

21     21.    As a result of these illegal policies and practices, DEFENDANTS engaged in and

22   enforced the following additional unlawful practices and policies against PLAINTIFF and the Class

23   Members he seeks to represent:

24             (a)    failing to pay Class Members who either were discharged, laid off, or resigned

25                   in accordance with the requirements of Labor Code §§ 201, 202, 203; and

26             (b)    failing to maintain accurate records of Class Members' earned wages and work

27                   periods in violation of Labor Code §§ 226 and 1174(d) and § 7 of the applicable

28                   IWC Wage Orders.

CLASS ACTION COMPLAINT

Exhibit ___A___, Page ___19___

1    22.    DEFENDANTS' non-exempt employees spend the majority of their time doing routine

2  non-discretionary tasks. These duties occupy more than 50% of their work time.

3    23.    At relevant times herein, the named PLAINTIFF and the Class Members were

4  employed by DEFENDANTS and were paid, on information and belief, predominantly on an hourly

5  basis.

6    24.    PLAINTIFF and DEFENDANTS' employees were not paid for all hours worked,

7  whether regular time or overtime.

8    25.    On information and belief, PLAINTIFF alleges that DEFENDANTS' actions as

9  described throughout this Complaint were willful.

10    26.    DEFENDANTS have made it difficult to account with precision for the unlawfully

11  withheld meal and rest period compensation owed to DEFENDANTS' non-exempt employees,

12  including PLAINTIFF, during the liability period, because they did not implement and preserve a

13  record-keeping method as required for non-exempt employees by California Labor Code §§ 226,

14  1174(d), and § 1 of the California Wage Orders. DEFENDANTS have failed to comply with Labor

15  Code § 226(a) by accurately reporting total hours worked by PLAINTIFF and the Class Members.

16  PLAINTIFF and Class Members are therefore entitled to penalties not to exceed $4,000 for each

17  employee pursuant to Labor Code § 226(b).

18    27.    PLAINTIFF and Class Members are also entitled to penalties of fifty dollars ($50) for

19  any initial violation, for each underpaid employee for each pay period for which the employee was

20  underpaid in addition to an amount sufficient to recover underpaid wages and additional penalties of

21  one hundred dollars ($100) for each subsequent violation, for each underpaid employee for each pay

22  period for which the employee was underpaid pursuant to Labor Code § 558.

23    28.    DEFENDANTS have failed to comply with § 1 of the California IWC Wage Orders

24  by failing to maintain time records showing when the employee begins and ends each work period,

25  meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by

26  itemizing in wage statements all deductions from payment of wages and accurately reporting total

27  hours worked by the Class Members.

28

CLASS ACTION COMPLAINT

Exhibit    A   , Page    20

**4.**     **CLASS ALLEGATIONS**

29.     PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to § 382 of the California <u>Code of Civil Procedure</u>.  PLAINTIFF seeks to represent a Class composed of and defined as:

**All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees.**

Further, PLAINTIFF seeks to represent the following subclasses composed of and defined as follows:

    (a)    **Subclass 1.  Meal Break Subclass 1.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided pursuant to <u>Labor Code</u> §§ 226.7 and 512.

    (b)    **Subclass 1.1 Meal Break Subclass 2.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and who worked over 10 hours in a shift and did not receive a second meal period;

    (c)    **Subclass 2.  Rest Period Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and have not been provided a rest period for every 3.5 hours worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided pursuant to <u>Labor Code</u> §§ 226.7 and 512;

    (d)    **Subclass 3.   Off the Clock Class.** All persons who are employed or have been employed by Defendants in the State of California who, since September 8, 2005, have worked as non-exempt employees and were not paid for all hours worked or off the clock work pursuant to California law for every hour they worked for Defendants.

-8-

Exhibit ___A___, Page _21_

    (e)    **Subclass 4. Paystub Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided an itemized statement accurately showing total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each rate pursuant to <u>Labor Code</u> § 226.

    (f)    **Subclass 5. Wage Statement Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided wages twice monthly pursuant to <u>Labor Code</u> § 204.

    (g)    **Subclass 6. Termination Pay Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees and were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> §§ 200 through 203.

    (h)    **Subclass 7. B&PC § 17200 Subclass.** All persons who are employed or have been employed by Defendants in the State of California who, since June 12, 2007, have worked as non-exempt employees and who were subjected to Defendants 'unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding, meal periods, rest periods, or minimum wages and/or waiting time penalties.

30.    PLAINTIFF reserves the right under Rule 1855(b), California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

31.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the California <u>Code of Civil Procedure</u> because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.    <u>Numerosity</u>**

32.    The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. PLAINTIFF estimates there are more than **Four Hundred Fifty (450) class members**. While the precise number of Class Members has not been determined at this time, PLAINTIFF is informed and believes that DEFENDANTS currently employ, and during

CLASS ACTION COMPLAINT

Exhibit _____A_____, Page _22_

1   the relevant time periods employed, hundreds of employees in positions as DEFENDANTS' non-

2   exempt employees in California, who are or have been affected by DEFENDANTS' unlawful

3   practices as alleged herein.

4          33.      Employee turnover during the relevant time period will increase this number

5   substantially.   Upon information and belief, PLAINTIFF alleges DEFENDANTS' employment

6   records would provide information as to the number and location of all Class Members.  Joinder of all

7   members of the proposed Classes is not practicable.

8         **B.**    **Commonality**

9         34.      There are questions of law and fact common to each Class predominating over any

10   questions affecting only individual Class Members. There are also common answers demonstrating

11   class certification is proper.  These common questions of law and fact include, without limitation:

12             (i)      Whether DEFENDANTS violated Labor Code §§ 226.7 and 512, § 1 of the

13                    IWC Wage Orders, and Cal. Code Regs., Title 8, § 11000 *et seq.* by failing to

14                    provide a meal period to non-exempt employees on days they worked work

15                    periods in excess of five (5) hours and failing to compensate said employees

16                    one hour's wages in lieu of proper meal periods;

17             (j)     Whether DEFENDANTS violated Labor Code § 226.7 and § 1 of the IWC

18                    Wage Orders, and Cal. Code Regs., Title 8, § 11000 *et seq.* by failing to

19                    provide daily ten (10) minute rest periods to non-exempt employees for every

20                    3.5 hours worked and failing to compensate said employees one hour's wages

21                    in lieu of proper rest periods;

22             (k)    Whether DEFENDANTS violated §§ 226 and 1174 of the Labor Code and § 1

23                    of the IWC Wage Orders by failing to maintain accurate records of Class

24                    Members' earned wages and work periods;

25             (l)     Whether DEFENDANTS violated Labor Code § 1194 by failing to compensate

26                    all employees during the relevant time period for all hours worked, whether

27                    regular or overtime;

28

-10-

CLASS ACTION COMPLAINT

Exhibit _A_, Page 23

1       (m)    Whether DEFENDANTS are liable to pay penalties under <u>Labor Code</u> § 203

2               for failing to pay all wages upon termination of Class Members.

3       (n)    Whether DEFENDANTS violated § 17200 *et seq.* of the <u>Business &</u>

4               <u>Professions Code</u> by failing to provide meal and rest periods without

5               compensating non-exempt employees one hour's pay for every day such

6               periods were not provided, failing to pay compensation for denied meal and

7               rest periods due and owing at the time a Class Member's employment with

8               DEFENDANTS terminated, and failing to keep accurate records;

9       (o)    Whether DEFENDANTS violated § 17200 *et seq.* of the <u>Business &</u>

10              <u>Professions Code,</u> <u>Labor Code</u> §§ 201-203, 226.7, 512, 1174, and applicable

11              IWC Wage Orders, which violation constitutes a violation of fundamental

12              public policy;

13       (p)    Whether PLAINTIFF and the Class Members are entitled to equitable relief

14              pursuant to <u>Business & Professions Code</u> § 17200 *et seq,;* and

15       (q)    Whether PLAINTIFF and the Class Members are entitled to penalties pursuant

16              to <u>Labor Code</u> §§ 2698 and 2699, affectionately known as "PAGA penalties."

17    **C.**   **Typicality**

18      35.    The claims of the named PLAINTIFF are typical of the claims of the Class Members.

19  PLAINTIFF and all members of each Class sustained injuries and damages arising out of and caused

20  by DEFENDANTS' common course of conduct in violation of California laws, regulations, and

21  statutes as alleged herein.

22    **D.**   **Adequacy of Representation**

23      36.    PLAINTIFF will fairly and adequately represent and protect the interests of the

24  members of each Class.  Counsel who represents PLAINTIFF is competent and experienced in

25  litigating large employment class actions.

26    **E.**   **Superiority of Class Action**

27      37.    A class action is superior to other available means for the fair and efficient

28  adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

CLASS ACTION COMPLAINT

Exhibit _____A_____, Page _____24_____

1  questions of law and fact common to each Class predominate over any questions affecting only
2  individual members of the Class.  Each member of the Class has been damaged and is entitled to
3  recovery by reason of DEFENDANTS' unlawful policies and practices alleged in the Complaint.

4       38.    Class action treatment will allow those similarly situated persons to litigate their
5  claims in the manner that is most efficient and economical for the parties and the judicial system.
6  PLAINTIFF is unaware of any difficulties that are likely to be encountered in the management of this
7  action that would preclude its maintenance as a class action.

8       39.    Class PLAINTIFF contemplates the eventual issuance of notice to the proposed
9  Class Members of each PLAINTIFF Classes that would set forth the subject and nature of the
10 instant action.  The DEFENDANTS' own business records can be utilized for assistance in the
11 preparation and issuance of the contemplated notices.  To the extent that any further notices may
12 be required, Class PLAINTIFF would contemplate the use of additional media and/or mailings.

13 **5.**    **DELAYED DISCOVERY**

14      40.    DEFENDANTS, as a prospective and actual employer of non-exempt, hourly
15 employees, had a special fiduciary duty to disclose to prospective PLAINTIFF Classes the true
16 facts surrounding DEFENDANTS' pay practices, policies and working conditions imposed upon
17 non-exempt, hourly employees, especially the refusal to pay all hours worked, including but not
18 limited to requiring employees to work eleven (11) hours before allowing a second meal period.

19      41.    PLAINTIFF and PLAINTIFF Classes did not discover the fact that they were
20 entitled to overtime wages, proper meal and rest breaks until shortly before the filing of this
21 lawsuit.  As a result, the applicable statutes of limitation were tolled until such time as
22 PLAINTIFFS discovered their claims.

23                                   **FIRST CAUSE OF ACTION**

24            **FOR FAILURE TO PROVIDE MEAL PERIODS**

25            [CALIFORNIA LABOR CODE §§ 226.7 and 512, and

26           CALIFORNIA CODE OF REGULATION, Title 8, §11010]

27                   **(Against All Defendants)**

28      42.    PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and

-12-

1 | incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in
2 | this Complaint.

3 |     43.    Labor Code §§ 226.7 and 512 and Cal. Code of Regulations, Title 8, §
4 | 11010(11)(A), provides that no employer shall employ any person for a work period of more
5 | than five (5) hours without a meal period of not less than thirty (30) minutes.

6 |     44.    Labor Code § 226.7 and Cal. Code of Regulations, Title 8, § 11010(11)(D),
7 | provides that if an employer fails to provide an employee a meal period in accordance with this
8 | section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate
9 | of compensation for each workday that the meal period is not provided.

10 |     45.    DEFENDANTS, and each of them, have intentionally and improperly denied
11 | meal periods to the PLAINTIFF CLASSES in violation of Labor Code §§ 226.7 and 512 and
12 | Cal. Code of Regulations, Title 8, § 11010(11)(A) and other regulations and statutes.

13 |     46.    At all times relevant hereto, PLAINTIFF and the PLAINTIFF CLASSES have
14 | worked more than five (5) hours in a workday.

15 |     47.    At all times relevant hereto, the DEFENDANTS, and each of them, failed to
16 | provide meal periods and prevented the taking of meal periods as required by Labor Code §§
17 | 226.7 and 512 and Cal. Code of Regulations, Title 8, §11010(11)(A).

18 |     48.    By virtue of the DEFENDANTS' unlawful failure to provide meal periods and
19 | prevention of same to PLAINTIFF and the PLAINTIFF CLASSES, PLAINTIFF and the
20 | PLAINTIFF CLASSES have suffered, and will continue to suffer, damages in amounts which
21 | are presently unknown to PLAINTIFF but which exceed the jurisdictional limits of this Court
22 | and which will be ascertained according to proof at trial.

23 |     49.    The PLAINTIFF CLASSES are informed and believe, and based upon that
24 | information and belief allege, that DEFENDANTS, and each of them, purposely elected not to
25 | provide meal periods.

26 |     50.    DEFENDANTS, and each of them, acted intentionally, oppressively and
27 | maliciously toward PLAINTIFF and the PLAINTIFF CLASSES with a conscious disregard of
28 | their rights, or the consequences to PLAINTIFF and the PLAINTIFF CLASSES, with the intent

CLASS ACTION COMPLAINT

Exhibit _____ A _____ , Page _____ 26

1  of depriving them of property and legal rights and otherwise causing injury.

2      51.    PLAINTIFF, individually, and on behalf of the PLAINTIFF CLASSES, requests

3  recovery of meal period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of

4  Regulations, Title 8, §11010(11)(D), as well as the assessment of any statutory penalties against

5  these DEFENDANTS, and each of them, in a sum as provided by the Labor Code and/or other

6  statutes, including but not limited to Labor Code § 558.

7                        **SECOND CAUSE OF ACTION**

8                  **FOR FAILURE TO PROVIDE REST PERIODS**

9                   [CALIFORNIA LABOR CODE §§ 226.7 and 512, and

10                         **(Against All Defendants)**

11     52.    PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and

12  incorporate by reference the paragraphs previously alleged in this Complaint.

13     53.    Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(A),

14  provides that employers authorize and permit all employees to take rest periods at the rate of ten

15  (10) minutes net rest time per 3.5 work hours.

16     54.    Labor Code §§ 226.7 and Cal. Code of Regulations, Title 8, § 11010(12)(D),

17  provides that if an employer fails to provide an employee rest periods in accordance with this

18  section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate

19  of compensation for each workday that the rest period is not provided.

20     55.    DEFENDANTS, and each of them, have intentionally and improperly denied rest

21  periods to PLAINTIFF and the PLAINTIFF CLASSES in violation of Labor Code §§ 226.7 and

22  512 and Cal. Code of Regulations, Title 8, § 11010(12)(A).

23     56.    At all times relevant hereto, PLAINTIFF and the PLAINTIFFS CLASSES, have

24  worked more than 3.5 hours in a workday.

25     57.    At all times relevant hereto, the DEFENDANTS, and each of them, failed to

26  provide rest periods and actually prevented rest periods as required by Labor Code §§ 226.7 and

27  Cal. Code of Regulations, Title 8, § 11010(12)(A).

28     58.    By virtue of the DEFENDANTS' unlawful failure to provide rest periods to the

Exhibit ___A___, Page ___27___

1    PLAINTIFF and PLAINTIFF CLASSES, PLAINTIFF and PLAINTIFF CLASSES have

2    suffered, and will continue to suffer, damages in amounts which are presently unknown to the

3    PLAINTIFF and PLAINTIFF CLASSES but which exceed the jurisdictional limits of this Court

4    and which will be ascertained according to proof at trial.

5         59.    PLAINTIFF and the PLAINTIFF CLASSES are informed and believe, and based

6    upon that information and belief allege, that DEFENDANTS, and each of them, knew or should

7    have known that PLAINTIFF was entitled to rest periods and purposely elected not to provide

8    rest periods.

9         60.    DEFENDANTS, and each of them, acted intentionally, oppressively and

10   maliciously toward PLAINTIFF and the PLAINTIFF CLASSES with a conscious disregard of

11   their rights, or the consequences to PLAINTIFF and the PLAINTIFF CLASSES, with the intent

12   of depriving PLAINTIFF and the PLAINTIFF CLASSES of property and legal rights and

13   otherwise causing the PLAINTIFF CLASSES injury.

14        61.    PLAINTIFF, individually, and on behalf of employees similarly situated, requests

15   recovery of rest period compensation pursuant to Labor Code §§ 226.7 and Cal. Code of

16   Regulations, Title 8, § 11010(12)(B), as well as the assessment of any statutory penalties against

17   these DEFENDANTS, and each of them, in a sum as provided by the Labor Code and/or other

18   statutes including but not limited to Labor Code § 558.

19                            **THIRD CAUSE OF ACTION**

20                **FOR FAILURE TO FURNISH ITEMIZED STATEMENTS**

21                        [CALIFORNIA LABOR CODE § 226]

22                          **(Against All Defendants)**

23        62.    .PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and

24   incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in

25   this Complaint.

26        63.    Throughout the Class Period, DEFENDANTS intentionally failed to furnish to

27   PLAINTIFF and the PLAINTIFF CLASSES, upon each payment of wages, itemized statements

28   accurately showing: meal periods taken, total hours worked, the applicable hourly rates in effect

-15-

Exhibit _____A_____, Page __28__

1    during each pay period and the corresponding hours worked at each hourly rate, amongst other

2    statutory requirements.

3        64.    As a result of DEFENDANTS' conduct, PLAINTIFF and the PLAINTIFF

4    CLASSES have suffered injury in that, among other things, the lack of the required information

5    hindered them from determining the amount of wages owed to them and led them to believe they

6    were not entitled to be paid wages for overtime, missed meal and rest breaks, or for each hour of

7    labor they performed, although they were so entitled.  The absence of accurate wage statements

8    has prevented timely challenges to DEFENDANTS' unlawful pay practices, caused difficulty

9    and expense in attempting to reconstruct time and pay records, and resulted in the submission by

10   DEFENDANTS of inaccurate information about wages and deductions from wages to state and

11   federal government agencies.  PLAINTIFF and the PLAINTIFF CLASSES entitlement to state

12   benefits is based upon the total amount of wages earned and deductions from wages as reflected

13   on his wage statements, and he is thereby injured by the DEFENDANTS' failure to report the

14   total amount of wages earned during each pay period on each paycheck stub.  As a result of

15   DEFENDANTS' conduct, PLAINTIFF and the PLAINTIFF CLASSES have suffered injury

16   because the legal right to receive accurate wage statements was violated.

17       65.    PLAINTIFF and the PLAINTIFF CLASSES are entitled to the amounts provided

18   in Labor Code § 226(e), plus costs and attorneys' fees.

19                          **FOURTH CAUSE OF ACTION**

20                  **FOR FAILURE TO PAY WAGES DUE AND PAYABLE**

21                        [CALIFORNIA LABOR CODE § 204]

22                           **(Against All Defendants)**

23       66.    Labor Code § 204 requires that all wages are due and payable twice in each calendar

24   month.

25       67.    The wages required by Labor Code §§ 226.7 and 1194 became due and payable to

26   PLAINTIFF and the PLAINTIFF CLASSES in each month that the employee not provided with a

27   meal period or rest period or paid straight or overtime wages to which he or he was entitled.

28

-16-

CLASS ACTION COMPLAINT

Exhibit  A  , Page  29

68.     DEFENDANTS violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due under the <u>Labor Code</u>.

69.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the CLASSES he seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 1194.

### FIFTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES FOR HOURS WORKED

[CALIFORNIA LABOR CODE § 1194]

**(Against All Defendants)**

70.     PLAINTIFF and the PLAINTIFF CLASS re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

71.     On information and belief, PLAINTIFF alleges that DEFENDANTS' policy of failing to pay employees for all hours worked whether regular time or overtime violates the <u>Labor Code</u> and IWC Wage Orders.

72.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the CLASS have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to <u>Labor Code</u> § 1194, et seq.

### SIXTH CAUSE OF ACTION

### FOR FAILURE TO PAY ALL WAGES DUE UPON ENDING EMPLOYMENT

[CALIFORNIA LABOR CODE §§ 201-203]

**(Against All Defendants)**

73.     PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

74.     PLAINTIFF and many of the PLAINTIFF CLASSES quit or were discharged from their employment with DEFENDANTS within the applicable statute of limitations.

-17-

Exhibit ___A___ , Page ___30___

1    75.    However, DEFENDANTS failed to pay them without abatement, all wages as

2    defined by applicable California law.  Among other things, these employees were not paid any

3    of the overtime compensation or premium pay for missed rest breaks and meal periods referred

4    to in this Complaint.  DEFENDANTS' failure to pay said wages within the required time was

5    willful within the meaning of Labor Code § 203.

6    76.    Therefore, each of these employees is entitled to one day's wages for each day he

7    or he was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for

8    each employee.  Because none of the employees were ever paid the overtime wages or premium

9    pay for missed rest breaks and meal periods to which they were entitled, referred to in this

10   Complaint, each of the employees is entitled to thirty (30) days of wages.

11                        **SEVENTH CAUSE OF ACTION**

12   **FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES**

13        [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

14                        **(Against All Defendants)**

15   77.    PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and

16   incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in

17   this Complaint.

18   78.    At all times relevant hereto, from time to time, PLAINTIFF and the PLAINTIFF

19   CLASSES have been denied meal breaks by DEFENDANTS.

20   79.    At all times relevant hereto, from time to time, PLAINTIFF and the PLAINTIFF

21   CLASSES have been denied rest breaks by DEFENDANTS.

22   80.    DEFENDANTS are a "person" as defined under Business & Professions Code

23   § 17021.

24   81.    Since at least **September of 2008** and at all times relevant hereto, by and through

25   the conduct described herein, DEFENDANTS has engaged in unfair, unlawful and fraudulent

26   business practices, in violation of Business & Professions Code §§ 17200, *et seq.*, and have

27   thereby deprived PLAINTIFF, and all persons in interest, of fundamental rights and privileges

28   guaranteed to all employees under California law.

-18-

CLASS ACTION COMPLAINT

Exhibit ___A___, Page ___31___

82.   DEFENDANTS owns, operates and manages a medical manufacturing and supply business in California which provides services in California to the public as defined in Business & Professions Code §§ 17022 and 17024.

83.   DEFENDANTS, as set forth in this Complaint, supra, engaged in false, unfair and misleading business practices, consisting of acts and/or omissions that include, but are not limited to:

      (a)   The fact that DEFENDANTS required non-exempt, hourly employees to work more than 3.5 hour shifts without a ten (10) minute rest period;

      (b)   The fact that DEFENDANTS required non-exempt, hourly employees to work more than five (5) hour shifts without a thirty (30) minute meal period;

      (c)   The fact that DEFENDANTS kept no detailed records of non-exempt, hourly employees' meal periods;

      (d)   The fact that DEFENDANTS failed to pay PLAINTIFF and PLAINTIFF CLASS one hour of pay for each missed rest breaks and meal periods.

      (e)   The fact that DEFENDANTS failed to pay all earned wages to PLAINTIFF and PLAINTIFF CLASS for all hours worked.

      (f)   Whether DEFENDANTS' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200; and,

84.   DEFENDANTS has under reported to state authorities wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums.   The aforesaid conduct is criminal in nature and subjects the DEFENDANTS to sanctions, fines and imprisonment, and is actionable under Business & Professions Code §§ 17000, et seq. and 17200, et seq.

85.   Pursuant to Business & Professions Code §§ 17071 and 17075, the failure of DEFENDANTS to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of DEFENDANTS' intent to violate Chapter 4 of the Unfair Business Trade Act.

Exhibit A , Page 32

1    86.    DEFENDANTS' practices are unlawful, unfair, deceptive, untrue, and misleading.

2    Non-exempt, hourly employees, including PLAINTIFF, are likely to be deceived by these

3    practices.

4    87.    As a direct and proximate result of these acts and omissions, PLAINTIFF, is

5    informed and believes, and based upon that information and belief alleges, that the

6    DEFENDANTS was able to unfairly compete with other manufacturing facilities in the state of

7    California by not paying overtime and wages in violation of Business & Professions Code

8    Chapters 4 and 5, *et al*. Due to this unfair business practice, DEFENDANTS has been able to

9    charge lower prices for its goods and services than the prices charged by other comparable

10   medical equipment manufacturing facilities doing business in the state of California.

11   88.    The victims of this unfair business practice include, but are not limited to, all non-

12   exempt, hourly employees of DEFENDANTS, competitors of DEFENDANTS in the state of

13   California, and the general public.

14   89.    PLAINTIFF is informed and believes, and based upon that information and belief

15   alleges, that DEFENDANTS performed the above-mentioned acts with the intent of gaining an

16   unfair competitive advantage and thereby injuring PLAINTIFF, other employees, other

17   competitors, and the general public.

18   90.    By and through the conduct described above, PLAINTIFF, and all non-exempt,

19   hourly employees, has been deprived of the right to be paid for all wages earned by virtue of

20   employment with the DEFENDANTS at regular intervals, in accordance with the requirements

21   of Labor Code §§ 204, 1197 and 1198.

22   91.    By and through their unfair, unlawful and/or fraudulent business practices

23   described herein, DEFENDANTS, has obtained valuable property, money and services from

24   PLAINTIFF, and all persons similarly situated, and has deprived PLAINTIFF, and all non-

25   exempt, hourly employees of valuable rights and benefits guaranteed by law, all to their

26   detriment.

27   92.    PLAINTIFF and the PLAINTIFF CLASS have injury-in-fact as a result of

28   DEFENDANTS' conduct. Moreover PLAINTIFF and the PLAINTIFF CLASS have lost money

-20-

CLASS ACTION COMPLAINT

1   as a direct result of DEFENDANTS' unfair, unlawful, deceptive and fraudulent conduct.

2   93.   All of the acts described herein as violations of, among other things, the <u>Labor</u>

3   <u>Code</u> and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public

4   policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and

5   thereby constitute unfair, unlawful and/or fraudulent business practices in violation of <u>Business</u>

6   <u>& Professions Code</u> §§ 17200, *et seq.*

7   94.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

8   CLASSES, is entitled to, and does seek such relief as may be necessary to disgorge the profits

9   which the DEFENDANTS has acquired, or of which PLAINTIFF has been deprived, by means

10   of the above-described unfair, unlawful and/or fraudulent business practices.  PLAINTIFF, and

11   the members of the PLAINTIFF CLASSES, is not obligated to establish individual knowledge of

12   the unfair practices of DEFENDANTS in order to recover restitution.

13   95.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

14   CLASSES, is further entitled to and does seek a declaration that the above described business

15   practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the

16   DEFENDANTS from engaging in any of the above-described unfair, unlawful and/or fraudulent

17   business practices in the future.

18   96.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

19   CLASSES, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he

20   has suffered as a consequence of the DEFENDANTS' unfair, unlawful and/or fraudulent

21   business practices.  As a result of the unfair, unlawful and/or fraudulent business practices

22   described above, PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

23   CLASSES, has suffered and will continue to suffer irreparable harm unless the DEFENDANTS

24   is restrained from continuing to engage in said unfair, unlawful and/or fraudulent business

25   practices.

26   97.   PLAINTIFF also alleges that if DEFENDANTS is not enjoined from the conduct

27   set forth herein above, it will continue to fail to pay wages to non-exempt, hourly employees.  In

28   addition, DEFENDANTS will continue to avoid paying the appropriate taxes, insurance and

Exhibit ___A___ , Page 34

1   unemployment holdings.

2       98.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

3   CLASSES, requests that the Court issue a preliminary and permanent injunction prohibiting the

4   DEFENDANTS from requiring non-exempt, hourly employees to work more than 10 hours a day

5   without a second meal period without payment of one hour of premium pay.

6       99.   PLAINTIFF, individually, and on behalf of members of the PLAINTIFF

7   CLASSES, also requests that the Court order DEFENDANTS to disgorge all illegally obtained

8   monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes,

9   obtained by way of their violation of Business & Professions Code §§ 17200, *et seq.*

10      100.   Because PLAINTIFF seeks to enforce an important right affecting the public

11  interest, to wit, the lawful payment of wages as required by law the disgorgement of ill-gotten

12  gains and the restitution of unlawfully withheld wages, with interest thereon, PLAINTIFF

13  requests an award of attorneys' fees, pursuant to Code of Civil Procedure § 1021.5.

14  <center>**EIGHT CAUSE OF ACTION**</center>

15  <center>**PENALTIES PURSUANT TO PRIVATE ATTORNEY GENERALS' ACT**</center>

16  <center>**[CALIFORNIA LABOR CODE §§ 2698 and 2699]**</center>

17  <center>**(Against All Defendants)**</center>

18      101.   PLAINTIFF and the PLAINTIFF CLASSES (and subclasses) re-allege and

19  incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in

20  this Complaint.

21      102.   As a result of the acts previously alleged, including violations of the sections of

22  the California Labor Code alleged above, PLAINTIFF seeks penalties under Labor Code §§

23  2698 and 2699.

24      103.   For each such violation, PLAINTIFF and the PLAINTIFF CLASSES are entitled

25  to penalties in the amount to be shown at the time of trial subject to the following formula:

26      (a)   $100 for the initial violation per employee per pay period.

27      (b)   $200 for each subsequent violation per employee per pay period.

28      104.   These penalties will be allocated 75% to the Labor Workforce Development

<center>-22-</center>

1    Agency ("LWDA") and 25% to the affected employees.

2        105.    Further, PLAINTIFF is authorized to bring a representative action on behalf of an

3    entire group of similarly aggrieved employees without having to obtain a formal class

4    certification from the court.

5        106.    As Labor Code § 558 authorizes the award of a civil penalty for violating Labor

6    Code §§ 500-556 (which includes both meal and rest period premiums) that include "an amount

7    sufficient to recover underpaid wage," PLAINTIFF and the PLAINTIFF CLASSES are entitled

8    to recover these wages as a penalty in a private lawsuit under PAGA.

9        107.    PLAINTIFF sent a letter to the LWDA and the employer as prescribed by the

10   Code.    Therefore, PLAINTIFF may proceed and may include in the Complaint a claim for

11   penalties pursuant to Labor Code §§ 2699, *et seq.*

12       108.    WHEREFORE, PLAINTIFF and each Class he seeks to represent request relief as

13   described herein and below and as deemed just.

14                                          **PRAYER**

15       WHEREFORE, the PLAINTIFF DEMANDS and JURY TRIAL and prays as follows:

16       ON THE FIRST CAUSE OF ACTION:

17           (a)    For statutory penalties, including one hour of pay for each workday that a

18                  meal period was not provided;

19           (b)    For Certification of the Classes defined herein, or such other Classes and/or

20                  subclasses as the Court will certify; and

21       ON THE SECOND CAUSE OF ACTION:

22           (a)    For statutory penalties, including one hour of pay for each workday in

23                  which a rest period were not provided;

24           (b)    For Certification of the Classes defined herein, or such other Classes and/or

25                  subclasses as the Court will certify; and

26       ON THE THIRD CAUSE OF ACTION:

27           (a)    For statutory penalties;

28           (b)    For Certification of the Classes defined herein, or such other Classes and/or

                                              -23-

                                    CLASS ACTION COMPLAINT

1      subclasses as the Court will certify; and

2          (c)     For attorneys' fees and costs.

3      ON THE FOURTH CAUSE OF ACTION:

4          (a)     For statutory penalties;

5          (b)     For Certification of the Classes defined herein, or such other Classes and/or

6                  subclasses as the Court will certify; and

7          (c)     For attorneys' fees and costs.

8      ON THE FIFTH CAUSE OF ACTION:

9          (a)     For compensatory damages according to proof;

10         (b)     For interest on any compensatory damages;

11         (c)     For Certification of the Classes defined herein, or such other Classes and/or

12                 subclasses as the Court will certify;

13         (d)     For statutory penalties and attorneys' fees; and

14     ON THE SIXTH CAUSE OF ACTION:

15         (a)     For compensatory damages according to proof;

16         (b)     For interest on any compensatory damages;

17         (c)     For Certification of the Classes defined herein, or such other Classes and/or

18                 subclasses as the Court will certify;

19         (d)     For statutory penalties and attorneys' fees; and

20         (e)     Waiting period wages and penalties.

21     ON THE SEVENTH CAUSE OF ACTION:

22         (a)     For the equitable, injunctive and declaratory relief requested;

23         (b)     Treble damages;

24         (c)     For Certification of the Classes defined herein, or such other Classes and/or

25                 subclasses as the Court will certify; and

26         (d)     For disgorgement of profits.

27         (e)

28     ON THE EIGHTH CAUSE OF ACTION:

-24-

CLASS ACTION COMPLAINT

1     (a)     That DEFENDANTS be ordered to pay civil penalties pursuant to violations

2             of <u>Labor Code</u> §§ 2698 and 2699, in the amount of $100 for the first

3             violation per employee per pay period, and $200 for subsequent violations

4             per employee per pay period to be allocated 75% to the LWDA and 25% to

5             the affected employees.

6     (b)     That DEFENDANTS be ordered to pay civil penalties pursuant to violations

7             of <u>Labor Code</u> §§ 500-556, 558 (which includes both meal and rest period

8             premiums) that include an amount sufficient to recover underpaid wages to

9             the affected employees.

10    ON ALL CAUSES OF ACTION:

11    (a)     For reasonable attorneys' fees;

12    (b)     For costs of suit; and,

13    (c)     For such other and further relief as this Court may deem just and proper.

14

15    Dated: September 28, 2012                    **QUINTILONE & ASSOCIATES**

16

17

18                                        By: _____

19                                            RICHARD E. QUINTILONE II,
                                             JESSE M. BABLOVE
20                                           Attorney for Plaintiff VAN BA MA, on behalf of
                                             himself and on behalf of a Class of all other
21                                           persons similarly situated

22

23

24

25

26

27

28

-25-

CLASS ACTION COMPLAINT

Exhibit____A____, Page 38

1

## **DEMAND FOR JURY TRIAL**

2        PLAINTIFF hereby demands trial of the claims by jury to the extent authorized by law.

3  Dated: September 28, 2012                    **QUINTILONE & ASSOCIATES**

4

5

                                   By: _____
6                                       RICHARD E. QUINTILONE II,
7                                       JESSE M. BABLOVE
                                        JOHN D. TRIEU
8                                       Attorneys for Plaintiff VAN BA MA,
                                        on behalf of himself and on behalf of a Class of all
9                                       other persons similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

CLASS ACTION COMPLAINT

Exhibit _____ A _____, Page 39

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Richard E. Quintilone II, Esq. (SBN 200995)<br>QUINTILONE & ASSOCIATES<br>22974 El Toro Road Ste 100, Lake Forest, CA 92630<br>TELEPHONE NO: (949) 458-9675    FAX NO: (949) 458-9679<br>ATTORNEY FOR (Name): Plaintiff, Van Ba Ma<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 751 West Santa Ana Blvd<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, California 92701<br>BRANCH NAME: Civil Complex Center | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/28/2012** at 10:07:15 AM<br><br>Clerk of the Superior Court<br>By Fidel Ibarra, Deputy Clerk |
|---|---|

| CASE NAME:<br>Ma v. Covidien Holding, Inc, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2012-00601699-CU-OE-CXC |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joiner<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE: Judge Kim G. Dunning<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental /Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence      f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): 8

5. This case [X] is [ ] is not   a class action suit.

Date: 7.28.12

RICHARD E. QUINTILONE II
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |
|---|---|---|
| | LexisNexis® Automated California Judicial Council Forms | |

Exhibit A, Page 40

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* Richard E. Quintilone II | FOR COURT USE ONLY |
|---|---|
| 22974 El Toro Road Ste 100, Lake Forrest, CA 92630 Telephone No.: 949.458.9675     Fax No. (Optional): 949.458.9679 E-Mail Address (Optional): req@quintlaw.com ATTORNEY FOR *(Name):* Plaintiff, Van Ba Ma     Bar No: 200995 | **ELECTRONICALLY FILED** Superior Court of California, County of Orange **09/28/2012** at 10:07:15 AM Clerk of the Superior Court By Fidel Ibarra, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512 | |
|---|---|
| PLAINTIFF / PETITIONER: Van Ba Ma, et al | |
| DEFENDANT / RESPONDENT: Covidien Holding, Inc, et al | |

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE** *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER: 30-2012-00601699-CU-OE-CXC DEPT: JUDGE: Judge Kim G. Dunning   **CX-104** STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in *Apple Computer, Inc. v. The Superior Court of Los Angeles County* (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?   Yes _____ No _✓_

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?   Yes _____ No _✓_

    If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?   Yes _____ No _✓_

    If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?   Yes _____ No _✓_

    If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?   Yes _✓_ No _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9/28/12
**DATE**

**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 [New June 1, 2005]

Exhibit __A__, Page __41__

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                 Bar No: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512 |
|---|

| PLAINTIFF / PETITIONER:<br><br>DEFENDANT / RESPONDENT: |
|---|

| **CLASS ACTION/B&P 17200 QUESTIONNAIRE**<br><br>***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)*** | CASE NUMBER:<br><br>DEPT:<br>JUDGE:<br>STATUS CONFERENCE DATE: |
|---|---|

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?                 Yes _____   No _____

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?        Yes _____   No _____

      If yes, explain relationship: _____

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?                 Yes _____   No _____

      If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?                 Yes _____   No _____

      If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?                 Yes _____   No _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
DATE                                                            SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277 **[New June 1, 2005]**

Exhibit_____*A*_____, Page _____ *42*

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C11 | BANKS 657-622-5211 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (657) 622-5211 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (657) 622-5211 and supply whatever information may be requested. |
| C20 | CHAFFEE 657-622-5220 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C25 | COLAW 657-622-5225 | Friday 10:00 a.m. | Daily 1:30 p.m. | noon day before Ex Parte hearing- Reservation must be made with courtroom prior to hearing being set | 4:00 p.m., day before the Ex Parte hearing | Yes, 3:00 p.m. day before | Teleconference appearances will be allowed for Case Management Conferences and Law and Motion hearings ONLY. They do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C15 | FIRMAT 657-622-5215 | Wednesday 3:00 p.m. | Daily 1:30 p.m. | Not required | 11:00 a.m. | Yes | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C18 | DI CESARE 657-622-5218 | Thursday 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 4:30 P.M. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C22 | FELL 657-622-5222 | Wednesday 10:00 a.m. Motions must be reserved prior to filing by calling 657-622-5222. | Daily 8:30 a.m. | Not required | 2:00 p.m | Yes 4:30 p.m. the day before | Moving party must submit on moving papers unless the court invites oral argument. Oral argument will be heard on the hearing date. Oppositions must be in writing but may be hand written if presented at the time of appearance. |

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY -- CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C9 | GASTELUM 657-622-5209 | Tuesday 2:00 p.m. | M,T,W,TH 1:30 p.m. | Noon | 3:00 p.m., day before the Ex Parte hearing | | |
| C33 | GLASS 657-622-5233 | Tuesday 9:00 a.m. NOTE: effective the week of Jan. 3rd, 1011 Law & Motion will be heard Mondays at 2:00 p.m. | Monday 10:00 a.m. T, W, Th, F 9:00 a.m. | 9:00 a.m. | 3:00 p.m. Oppositions due by 9:00 a.m. day before hearing | Yes Friday before hearing | Oral argument will be heard at the hearing. Counsel may submit on pleadings but must inform clerk prior to calendar call. Call clerk if all sides submit to tentative ruling. The court may allow oral argument but it will be limited to 5 minutes or less per side. |
| C31 | HORN 657-622-5231 | Wednesday 1:30 p.m. | M,T,W,TH,F 8:30 a.m. | 12:00 p.m. before Ex Parte Hearing. Reservation must be made with courtroom prior to the hearing. | 3:00 p.m. | No | |
| C24 | HUNT 657-622-5224 | T, W, Th 8:30 a.m. | Daily 1:30 p.m. | Not required | Submit documents at time of hearing | No | Motions for Summary Judgment & Demurrers must be reserved with C-24 prior to filing by calling (657)622-5224. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C26 | LEWIS 657-622-5226 | Monday 10:30 a.m. | T, W, TH, F 8:30 a.m. | 10:00 a.m. | 2:00 p.m | Yes noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

Exhibit _____A_____, Page_____44_____

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C27 | MAKINO 657-622-5227 | Friday 9:00 a.m. | M,T,W,TH 8:45 a.m. | 10:00 a.m. Reservation must be made with courtroom prior to Ex Parte hearing. | 3:00 p.m. | Yes | Once tentative ruling is posted NO continuance will be granted or hearing cannot be taken off calendar |
| C19 | MARGINES 657-622-5219 | Wednesday 1:30 p.m. | Daily 1:30 p.m. | 10:00 a.m. | 10:30 a.m. | No | Notice must be given to opposing party by 10:00 a.m. day before ex parte hearing. |
| C7 | MARKS 657-622-5207 | Friday 10:30 a.m. Reservation Required | M,T,W,TH 1:30 p.m. | Reservation must be made with courtroom day before the hearing by noon | 3:00 p.m. | | Motions must be reserved with C-7 prior to filing by calling (657)622-5207 |
| C21 | MCEACHEN 657-622-5221 | Tuesday 1:30 p.m. | Daily 9:00 a.m. | 12:00 p.m. | 3:00 p.m. | yes | |
| C14 | MILLER 657-622-5214 | Tuesday 1:30 p.m. | T, W, TH, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. if day prior to the Ex Parte hearing | Yes noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 622-5214. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5214 to reserve a date no later than 9:00 a.m., the day prior to the Ex Parte hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

Exhibit _____A_____, Page _____45_____

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C12 | MOBERLY 657-622-5212 | Friday 1:30 p.m. Effective 6/17/11, Law and Motion will be heard at 2:00 p.m. | M, T, W, TH 1:30 p.m. | Noon | 3:00 p.m. | Yes 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing. Motions for Summary Judgment must be reserved with C12 prior to filing by calling( 657)622-5212. |
| C16 | MONROE 657-622-5216 | Tuesday 2:00 p.m. | T, W, TH. 8:30 a.m. | Noon | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes 4:00 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 657-622-5223 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 12:00 p.m. | Yes 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C13 | MUÑOZ 657-622-5213 | Thursday 2:00 pm | M, T, W, TH 8:30 a.m. | 10:00 a.m. | Noon | Yes 4:00 p.m. the day before | |
| C3 | MYERS 657-622-5203 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:00 p.m. | M, T, W, TH 1:30 p.m. Fri 11:00 a.m.- emergency only | Not required | 3:00 p.m. day before | No | |
| C8 | NAKAMURA 657-622-5208 | Thursday 2:00 p.m. | M, T, W, TH 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |

Exhibit ___A___, Page ___46___

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
### CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C32 | PERK 657-622-5232 | Friday 11:00 a.m. | M, T, W, TH 8:30 a.m. | Noon. | 10:00 a.m. the day of hearing | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing |
| C6 | RODRIGUEZ 657-622-5206 | Thursday 1:30 p.m. No Reservation Required. | Mon & Fri 9:00 a.m. Tues & Wed 9:30 a.m. Thurs 1:30 p.m. | Reservation must be made with courtroom day before the hearing by 10:00 a.m. | 2:00 p.m. | Yes | Counsel may submit on law and motion tentative without appearance if all parties agree to ruling. Teleconference appearances are voluntary and do not require consent by the court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888)88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C17 | SANDERS 657-622-5217 | Friday 1:30 p.m. Reservations required | M, T, W, TH 9:00 a.m. Moving Party must check in at 8:30 am | Noon | 3:00 p.m. | Yes By 12:00 p.m. Friday | Call (657) 622-5217 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. If one or all parties submit on the tentative, they each must notify the clerk. The tentative will become the final ruling if all parties submit, unless otherwise directed. |
| C10 | SCHUMANN 657-622-5210 | Tuesday 3:00 p.m. Reservation Required | M, W, TH 1:45 p.m. | Not Required | Papers to be presented in C10 by 11:00 a.m. the day prior to the ex parte | Yes | |

Exhibit _____A_____, Page _____47_____



# Superior Court of California
# County of Orange

**VIRGINIA DAVIDOW**

CIVIL UNIT MANAGER

657-622-7555

## ATTENTION ALL ATTORNEYS AND LITIGANTS

## NEW PROCEDURES for EXPEDITED JURY TRIALS IN CIVIL CASES are available, effective January 3, 2011.

A Judicial Council Information Sheet is attached to your complaint.

Specific details about the new procedure can be found in California Code of Civil Procedure commencing with Section 630.01 and California Rules of Court, rules 3.1545 through 3.1552. If applicable, notify the court at your first Case Management Conference.

Exhibit____A____, Page____48____

## EJT-010-INFO Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who is considering taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial. Taking part in this type of trial means you give up your usual rights to appeal. **Please read this information sheet before you agree to have your case tried under the expedited jury trial procedures.**

This information sheet does not cover everything you may need to know about expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with your attorney. If you do not have an attorney, you should consult with one before agreeing to an expedited jury trial.**

### ① What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one day. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 3 hours to put on all its witnesses, show the jury its evidence, and argue its case.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

- **All parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following an expedited jury trial except in very limited circumstances. These are explained more fully in ⑤.

### ② Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney whom the court appoints to act as a judge) will handle the trial.

### ③ Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ④ Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties who agree to take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ⑤ Why do I give up most of my rights to appeal?

To keep costs down and provide a faster end to the case, all parties who agree to take part in an expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;

- Misconduct of the jury; or

- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

Judicial Council of California, www.courts.ca.gov
New January 1, 2011, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1552

**Expedited Jury Trial Information Sheet**

EJT-010-INFO, Page 1 of 2

→



Exhibit _A_ , Page _49_

**EJT-010-INFO**   Expedited Jury Trial Information Sheet

**(6)** **How else is an expedited jury trial different?**

The goal of the expedited jury trial process is to have shorter and less expensive trials. The expedited jury trial rules set up some special procedures to help this happen. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need to take to the jury. The parties can agree to modify many of the rules that apply to trials generally or even to expedited jury trials (except for the four rules described in **(1)**.

**(7)** **Who can have an expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in a single day. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to all the other rules in **(1)** above. The agreements between the parties must be put into writing in a document called a Proposed Consent Order Granting an Expedited Jury Trial, which will be submitted to the court for approval. The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**(8)** **Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial, that agreement is binding on both sides. After you enter into the agreement, it can be changed only if **both** sides want to change it or stop the process or if a court decides there are good reasons the expedited jury trial should not be used in the case. This is why it is important to talk to your attorney **before** agreeing to an expedited jury trial.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

---

Exhibit ___*A*___, Page ___*50*___



# Superior Court of California
# County of Orange

**CIVIL MANAGEMENT**

CIVIL OPERATIONS
(657) 622-5300

January 14, 2011

## NOTICE RE: BOOKMARKING OF EXHIBITS ON ELECTRONICALLY
## FILED DOCUMENTS

Effective March 1, 2011, all electronically filed law and motion documents must have all exhibits bookmarked. Law and motion documents submitted on and after March 1 that are not bookmarked will be returned to the submitting party for correction.

Bookmarking electronic documents complies with California Rules of Court, rule 3.1110 (f).

EXHIBIT *A*, Page *51*

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit A , Page 52

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Exhibit *A*, Page 53

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit ____A____, Page ____54____

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.   Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

Exhibit _A_, Page _55_

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
               (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
               (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Exhibit____*A*____, Page___56



## Superior Court of California
## County of Orange

CHAMBERS OF
THOMAS J. BORRIS
PRESIDING JUDGE

700 CIVIC CENTER DRIVE WEST
SANTA ANA, CA 92702
DEPARTMENT C1

December 15, 2011

### ADMINISTRATIVE ORDER NO. 11/06

#### ORDER TO FILE PAPERS ELECTRONICALLY
2.253(a) of the California Rules of Court

Commencing January 1, 2012, and pursuant to California Rules of Court rule 2.253, the Court orders that all papers filed in actions containing a cause of action for breach of contract must be filed electronically. In addition to the Court providing notice, plaintiff and any cross-complainant naming new parties in all breach of contract actions shall serve a copy of this Order on all parties when serving the complaint or cross-complaint. For purposes of complying with rules 2.253(a)(2) and (3), the 10 days for opposing this order begins as follows:

a) for plaintiff, on the filing date of the complaint;
b) for defendant or cross-defendant, on the date the Court mails a copy of this Order to defendant or cross-defendant.

The full case number must be printed on all filings for breach of contract actions impacted by this Order.

This order only applies to breach of contract actions filed after January 1, 2012.

IT IS SO ORDERED.

Dated this _15_ day of December, 2011.

THOMAS J. BORRIS
Presiding Judge

Exhibit ___A___, Page ___57___

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Richard E. Quintilone II (SBN 200995)
Quintilone & Associates
22974 El Toro Road, Suite 100, Lake Forest, CA 92630-4961

TELEPHONE NO.: 949.458.9675          FAX NO. *(Optional):* 949.458.9679
E-MAIL ADDRESS *(Optional):* req@quintlaw.com
ATTORNEY FOR *(Name):* Plaintiff, Van Ba Ma

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 751 West Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: Ma, et al.

DEFENDANT/RESPONDENT: Covidien Holding,, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2012-00601699 |
|---|---|

TO *(insert name of party being served):* Covidien LP, formerly known as Tyco Healthcare Group LP

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 24, 2012

Richard E. Quintilone, Esq.
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒  A copy of the summons and of the complaint.
2. ☒  Other *(specify):*

    Summons; Class Action Complaint; Civil Case Coversheet; Class Action Questionnaire; Notice
    re Bookmarking of Exhibits; Expedited Jury Trial; Civil Department Scheduling Chart
    Alternative Dispute Resolution (ADR); Minute Order re: Status Conference January 9, 2013.

*(To be completed by recipient):*

Date this form is signed:

_____          ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*



EXHIBIT _____B_____, Page _____58_____

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Quintilone & Associates, whose business address is 22974 El Toro Rd., Suite 100, Lake Forest, CA 92630-4961.

On **October 24, 2012**, I served the foregoing document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL**

on the following parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

_____   *(BY MAIL)* I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Lake Forest, California.  I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service on that same day.  I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

_____   *(BY PERSONAL SERVICE)* I delivered each such document by hand to each addressee above.

_____   *(BY OVERNIGHT DELIVERY)* I caused a true copy of each document, placed in a sealed envelope with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express or Overnight Express.  I am readily familiar with this firm's practice for collection and processing of documents for overnight delivery and know that in the ordinary course of Quintilone & Associates' business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express or Overnight Express or delivered to a courier or driver authorized by Federal Express or Overnight Express to receive documents on the same date it is placed at Quintilone & Associates for collection.

_____   *(BY FACSIMILE)* By use of facsimile machine number 949.458.9679, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

_X___   *(BY E-MAIL)* I caused a true and correct copy of each document to be delivered by Electronic Mail, the Court's Electronic Mail or via comparable electronic service.

Executed on **October 24, 2012**, at Lake Forest, California.

_____   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

___X___   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
RICHARD E. QUINTILONE II

-1-

PROOF OF SERVICE

Exhibit  *B* , Page  59

1

## SERVICE LIST

2

3  Daniel Parker Jett, Esq                    Counsel for Defendants
   Brenden Joy, Esq.
4  Ogletree Deakins
   400 South Hope Street Suite 1200
5  Los Angeles, CA  90071
   Phone:  213-438-5847
6  Fax: 213-239-9045
7  daniel.jett@ogletreedeakins.com
   brendan.joy@ogletreedeakins.com
8

9  John D. Trieu, Esq.                       Co-Counsel for Plaintiff and Class
   Law Offices of John D. Trieu, APC
10 9211 Bolsa Avenue, Suite 222
   Westminster, CA 92683
11 Telephone No. (714) 892-154
12 Facsimile No.  (714) 893-6710
   john@trieulaw.com

13

14 **Q&A Case No. 12.01098**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

Exhibit _B_ , Page _60_

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Richard E. Quintilone II (SBN 200995)<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100, Lake Forest, CA 92630-4961<br><br>TELEPHONE NO.: 949.458.9675   FAX NO. *(Optional):* 949.458.9679<br>E-MAIL ADDRESS *(Optional):* req@quintlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Van Ba Ma | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 751 West Santa Ana Blvd<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Civil Complex Center | |

PLAINTIFF/PETITIONER: Ma, et al.

DEFENDANT/RESPONDENT: Covidien Holding,, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2012-00601699 |
|---|---|

TO *(insert name of party being served):* Covidien LP, formerly known as Tyco Healthcare Group LP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 24, 2012

Richard E. Quintilone, Esq.
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]   A copy of the summons and of the complaint.
2. [X]   Other *(specify):*

Summons; Class Action Complaint; Civil Case Coversheet; Class Action Questionnaire; Notice re Bookmarking of Exhibits; Expedited Jury Trial; Civil Department Scheduling Chart Alternative Dispute Resolution (ADR); Minute Order re: Status Conference January 9, 2013.

*(To be completed by recipient):*

Date this form is signed: 11/13/12

Covidien LP
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

Exhibit _____B_____ , Page _____61_____

## PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

On November 13, 2012, I served the following document(s) described as:

NOTICE AND ACKNOWLEDGMENT OF RECEIPT

on the persons below as follows:

Richard E, Quintilone II                          Attorney for Plaintiff
Quintilone & Associates
22974 El Toro Rd., Ste. 100
Lake Forest, CA  92630-4961
949.458.9675 – Telephone
949.458.9679 - Facsimile

                                                  Co-Counsel for Plaintiff and Class

John D. Trieu, Esq.
Law Offices of John D. Trieu, APC
9211 Bolsa Ave., Ste. 222
Westminster, CA  92683
714.892.1540 – Telephone
714.893.6710 - Facsimile

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐       deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒       placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒       (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 13, 2012, at Los Angeles, California.

Dionne Harvey
_____              _____
Type or Print Name                            Signature

Exhibit _____B_____, Page _____62_____

ELECTRONICALLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

Dec 11 2012

ALAN CARLSON, Clerk of the Court
by I. COOK

1  LINDA CLAXTON, CA Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  DANIEL PARKER JETT, CA Bar No. 178070
   daniel.jett@ogletreedeakins.com
3  BRENDAN Y. JOY, CA Bar No. 254959
   brendan.joy@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
5  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
6  Telephone:   213.239.9800
   Facsimile:   213.239.9045
7
8  Attorneys for Defendant
   COVIDIEN, L.P. (erroneously named as TYCO HEALTHCARE
9  GROUP, L.P., COVIDIENT HOLDING, INC., EV3
   INTERNATIONAL, INC. and MICRO THERAPEUTICS, INC.)

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                 FOR THE COUNTY OF ORANGE

12                    CIVIL COMPLEX CENTER

13

14  VAN BA MA, on behalf of himself and on      Case No. 30-2012-00601699-CU-OE-CXC
    behalf of a Class of all other persons
15  similarly situated                           [Assigned to Judge Kim G. Dunning, CX-104]

16            Plaintiff,                         **DEFENDANT COVIDIEN, L.P.'S ANSWER
                                                 TO CLASS ACTION COMPLAINT**
17      v.

18  COVIDIEN HOLDING, INC., an unknown
    business entity; TYCO HEALTHCARE            Action Filed Date:   August 5, 2010
19  GROUP LP, an unknown business entity;       Trial: None Set
    EV3 INTERNATIONAL, INC., an unknown
20  business entity; MICRO THERAPEUTICS,
    INC. and DOES 1 through 100, inclusive,
21
              Defendants.
22

23

24

25

26

27

28

1    Defendant COVIDIEN, L.P., ("Defendant") erroneously named herein as Tyco Healthcare

2  Group, L.P., Covidien Holding, Inc., EV3 International, Inc. and Micro Therapeutics, Inc., hereby

3  files its Answer to Plaintiff Van Ba Ma and a Class of all other persons similarly situated

4  (collectively "Plaintiffs") Class Action Complaint ("Complaint") as follows:

5                                    **GENERAL DENIAL**

6    Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies

7  generally and specifically each and every allegation contained in Plaintiffs' Complaint, and denies

8  further that Plaintiffs or anyone similarly situated to Plaintiffs have been injured in the amount or

9  manner alleged or in any other manner whatsoever.

10                                 **AFFIRMATIVE DEFENSES**

11    Defendant asserts each of the following separate, distinct, and affirmative defenses listed

12  below.

13                              **FIRST AFFIRMATIVE DEFENSE**

14    1.    The Complaint fails to state facts sufficient to constitute a cause of action against

15  Defendant.

16                             **SECOND AFFIRMATIVE DEFENSE**

17    2.    Plaintiffs' recovery in this action is barred in whole or in part by their failure to

18  exercise reasonable care and diligence to mitigate any damages allegedly incurred by them.

19                              **THIRD AFFIRMATIVE DEFENSE**

20    3.    Pursuant to the doctrine of avoidable consequences, the Complaint is barred in

21  whole or in part because Plaintiffs unreasonably failed to take action to avoid their alleged

22  damages, and some or all of Plaintiffs' alleged damages would have been avoided by such action.

23                             **FOURTH AFFIRMATIVE DEFENSE**

24    4.    Defendant is entitled to attorneys' fees pursuant to California Labor Code § 218.5.

25                              **FIFTH AFFIRMATIVE DEFENSE**

26    5.    Plaintiffs' causes of action are barred in whole or in part by the applicable statutes

27  of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339

28  and 340, Business and Professions Code § 17208, and/or Labor Code § 203.

1                    Case No. 30-2012-00601699-CU-OE-CXC

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of equity, including, without limitation, unclean hands, estoppel, waiver, and laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Defendant acted in good faith and had reasonable grounds for believing its actions did not violate the law.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Plaintiffs are not entitled to any penalty award under Section 226 or any other provision of the California Labor Code or the United States Code because Plaintiffs did not suffer any injury due to the alleged conduct of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.    Plaintiffs are not entitled to any penalty award under Sections 203, 226, 256, or any other provision of the California Labor Code or the United States Code because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code or United States Code but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

**TENTH AFFIRMATIVE DEFENSE**

10.    Plaintiffs are not entitled to any premium wages under Cal. Lab. Code § 226.7, the wage orders of California's Industrial Welfare Commission, or any other provision of California law, because Plaintiffs were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Plaintiffs are not entitled to recover any penal damages, such as Plaintiffs seek under the California Labor Code and United States Code, and any award of penalties would in general or under the facts of Plaintiffs' claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the

2

Case No. 30-2012-00601699-CU-OE-CXC

DEFENDANT COVIDIEN, L.P.'S ANSWER TO CLASS ACTION COMPLAINT

Exhibit _C_, Page _65_

1  excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the

2  United States Constitution, as well as the due process and excessive fines clauses contained in the

3  California Constitution.

4  **TWELFTH AFFIRMATIVE DEFENSE**

5        12.    The alleged damages, injuries, and/or losses suffered by Plaintiffs, if any,

6  proximately resulted from the negligence of parties, persons, and/or entities other than Defendant,

7  and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault

8  actually attributable to Defendant.

9  **THIRTEENTH AFFIRMATIVE DEFENSE**

10       13.    Plaintiffs' alleged damages, injuries, and/or losses were proximately caused by or

11  contributed to by the acts or omissions of others and/or by unavoidable incidents or conditions,

12  without fault on the part of Defendant, which acts, omissions, incidents and/or conditions were an

13  intervening and superseding cause of Plaintiffs' alleged damages, injuries and/or losses, if any.

14  **FOURTEENTH AFFIRMATIVE DEFENSE**

15       14.    At all times relevant hereto, Defendant performed and discharged in good faith each

16  and every obligation owed, if any, to Plaintiffs, acting without malice and with the good faith belief

17  in the propriety of its conduct.

18  **FIFTEENTH AFFIRMATIVE DEFENSE**

19       15.    Plaintiffs have not suffered legally cognizable damages as a result of the matters

20  they allege in the Complaint.

21  **SIXTEENTH AFFIRMATIVE DEFENSE**

22       16.    The Complaint, and each purported cause of action therein, fails to allege facts

23  sufficient to allow recovery of attorneys' fees from Defendant.

24  **SEVENTEENTH AFFIRMATIVE DEFENSE**

25       17.    Plaintiffs' Business and Professions Code § 17200 *et seq.* cause of action is not

26  appropriate for resolution on a representative basis and allowing such a representative claim would

27  violate the Due Process Clause of the United States and California Constitutions.

28  / / /

13917142_1.DOC

3

Case No. 30-2012-00601699-CU-OE-CXC

DEFENDANT COVIDIEN, L.P.'S ANSWER TO CLASS ACTION COMPLAINT

Exhibit ___C___, Page ___66___

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2        18.      Defendant alleges that it cannot be liable for any alleged violation of Business and

3    Professions Code § 17200 *et seq.* because its actions, conduct and/or dealings with its employees

4    were lawful, and were carried out in good faith and for legitimate business purposes.

5

**NINETEENTH AFFIRMATIVE DEFENSE**

6        19.      Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs are not

7    entitled to an award of damages or statutory penalties.

8

**TWENTIETH AFFIRMATIVE DEFENSE**

9        20.      Plaintiffs' claims are barred because Plaintiffs have failed to and cannot satisfy the

10    requirements necessary to maintain a class or collective action, including, and without limitation,

11    ascertainability, predominance, typicality, adequacy (both of the proposed representatives and

12    proposed class counsel), and superiority.

13

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

14        21.      Plaintiffs consented to any and/or all of the conduct about which they now

15    complain.

16

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

17        22.      Plaintiffs cannot recover waiting time penalties under Labor Code § 203 because

18    any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or

19    facts.

20

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

21        23.      Plaintiffs have not suffered any actual harm resulting from any alleged violation of

22    Labor Code § 226.

23

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24        24.      The Complaint and each purported cause of action alleged therein fail to state facts

25    sufficient to certify a class pursuant to Code of Civil Procedure § 382, or pursuant to any other

26    applicable law, and this action is not properly brought as a class action.

27    / / /

28    / / /

1

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2      25.     Plaintiffs' claims are barred because they failed to exhaust internal and

3 administrative remedies, including but not limited to those provided in Labor Code § 2699.3.

4

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

5      26.     Penalties under the California Private Attorney General's Act are not permissible

6 because they would constitute an award of damages that would be unjust, arbitrary, oppressive, or

7 confiscatory in violation of the provisions of the California Labor Code and the United States

8 Code.

9

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

10      27.     Plaintiffs cannot maintain some or all of their claims because there is no private

11 right of action for those claims.

12       WHEREFORE, Defendant prays as follows:

13      1.     That Plaintiffs take nothing by this action;

14      2.     That judgment be entered in favor of Defendant;

15      3.     For an award of Defendant's costs of suit and attorneys' fees incurred herein; and

16      4.     For such other and further relief as the Court deems just and proper.

17

18 DATED: December _11_, 2012         **OGLETREE, DEAKINS, NASH, SMOAK &**
                                        **STEWART, P.C.**

19

20

21                              By: _____

22                                 Linda Claxton
                                Daniel Parker Jett

23                                 Brendan Y. Joy

24                          Attorneys for Defendant COVIDIEN, L.P.

25

26 13917142.1 (OGLETREE)

27

28

                                    5              Case No. 30-2012-00601699-CU-OE-CXC

DEFENDANT COVIDIEN, L.P.'S ANSWER TO CLASS ACTION COMPLAINT

Exhibit _C_, Page _68_

<div align="center">

**PROOF OF SERVICE BY UNITED STATES MAIL**

</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

      On December 11, 2012, I served the following document(s) described as:

<div align="center">

**DEFENDANT COVIDIEN, L.P.'S ANSWER TO
CLASS ACTION COMPLAINT**

</div>

on the persons below as follows:

| | |
|---|---|
| Richard E. Quintilone II<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100<br>Lake Forest, California 92630-4961 | Counsel for Plaintiff |
| John D. Trieu, Esq.<br>Law Offices of John D. Trieu, APC<br>9211 Bolsa Avenue, Suite 222<br>Westminster, California 92683 | Co-Counsel for Plaintiff and Class |

      I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒    placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

      I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☒    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      Executed on December 11, 2012, at Los Angeles, California.

Elizabeth Mendoza

Type or Print Name                      Signature

*   (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

Exhibit _C_ , Page _69_

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 10/15/2012                    TIME: 10:51:00 AM          DEPT:  CX104
JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK:  Cheryl Henderson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2012-00601699-CU-OE-CXC** CASE INIT.DATE: 09/28/2012
CASE TITLE: **Ma vs. Covidien Holding Inc**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71579844
**EVENT TYPE**: Chambers Work

---

APPEARANCES

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is complex

Each party who has not paid the Complex fee of $ 1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

This case is subject to the Superior Court, County of Orange Local Rule 352 (Electronic Filing Program).

The Court hereby sets this matter for a Status Conference. The Status Conference is scheduled for 01/09/2013 at 10:00 AM in Department CXC 104.

Plaintiff shall, at least five before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

Clerk to give notice to  and  to give notice to all other parties.

---

DATE: 10/15/2012                          MINUTE ORDER                                Page 1
DEPT: CX104                                                                    Calendar No.

Exhibit _____D_____ , Page _____70_____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

| | |
|---|---|
| **SHORT TITLE:** Ma vs. Covidien Holding Inc | |

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** **30-2012-00601699-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below.
The mailing and this certification occurred at Santa Ana, California on 10/16/2012

Clerk of the Court, by: _Cheryl Henderson_ _____ , Deputy

QUINTILONE & ASSOCIATES
22974 EL TORO ROAD # 100
LAKE FOREST, CA 926304961

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

Exhibit _D_ , Page _71_

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

      On December 13, 2012, I served the following document(s) described as:

<div align="center">

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332(d), 1441, and
1453**[Document Title]

</div>

on the persons below as follows:

| | |
|---|---|
| Richard E. Quintilone, II, Esq.<br>Jesse M. Bablove, Esq.<br>Quintilone & Associates<br>22974 E. Toro Road, Suite 100<br>Lake Forest, CA 92630-4961 | Counsel for Plaintiff |
| John D. Trieu, Esq.<br>Law Offices of John D. Trieu, APC<br>9211 Bolsa Avenue, Suite 222<br>Westminster, CA 92683 | Co-Counsel for Plaintiff and Class |

      I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

      I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      Executed on December 13, 2012, at Los Angeles, California.

| | |
|---|---|
| Elizabeth Mendoza | _(signature)_ |
| Type or Print Name | Signature |

\* **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**