O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **VAN BA MA**<br>　**Plaintiff on behalf of himself and**<br>　**all others similarly situated,**<br><br>**vs.**<br><br>**COVIDIEN HOLDING, INC., ET AL.**<br>　**Defendants.** | Case No.: SACV 12-02161-DOC (RNBx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT  [22]  [25]** |

Before this Court is Plaintiff Van Ba Ma's ("Mr. Ma's") Motion for Preliminary Approval of a Class Action Settlement ("Motion" or "Mot.") (Dkt. 22). Defendant Covidien Holding Inc. ("Covidien" or "Defendant") filed a Notice of Non-Opposition to this Motion (Dkt. 23). On January 27, 2014, the Court held a hearing on this matter, expressing that it was inclined to deny preliminary approval. Minutes, January 27, 2014 (Dkt. 24). The Court continued the matter to January 31, 2014 to give the parties an opportunity to file supplemental briefing. *Id.* In response, Mr. Ba filed a Supplemental Motion for Preliminary Approval of

Class Action Settlement.  *See* Supplemental Motion ("Supplement") (Dkt. 25).  For the reasons explained below, the Court preliminarily approves the class settlement.

## I. BACKGROUND

Mr. Ma brought this action on behalf of himself and all others similarly situated.  Ntc. of Removal, Ex. A ("Compl.") at 21.  The putative class composed of: "All persons who are employed or have been employed by [Covidien] in the State of California who, for the four years prior to the filing of this class action to the present, have worked as non-exempt employees" ("Settlement Class").  *Id.*

Mr. Ma brought eight causes of action: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to furnish itemized statements; (4) failure to pay wages due and payable; (5) failure to pay wages for hours worked; (6) failure to pay wages upon ending employment; (7) unlawful competition and unlawful business practices; and (8) penalties pursuant to the Private Attorney Generals' Act.  Compl. at 25-36.

On December 30, 2013, Plaintiffs moved for preliminary approval of a class action settlement.  *See generally* Mot.

## II. DISCUSSION

### A. Conditional Class Certification

Courts may certify a class action only if it satisfies all four requirements identified in Federal Rule of Civil Procedure 23(a), and satisfies one of the three subdivisions of Rule 23(b).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).  First, plaintiffs must show the following: (1) the class is so numerous that joinder of all members individually is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; and (4) the person representing the class is able to fairly and adequately protect the interests of all class members.  Fed. R. Civ. P. 23(a); *Staton v. Boeing*, 327 F.3d 938, 953 (9th Cir. 2003); *see also United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. Conoco Phillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010) (identifying the four requirements of Rule 23(a) as "numerosity," "commonality," "typicality," and

"adequacy"). Second, under Rule 23(b)(3), Plaintiffs must show that common questions of law or fact predominate, and class resolution is superior to other available methods of resolution. Fed. R. Civ. P. 23(b)(3). In the settlement context, the court must pay "undiluted, even heightened, attention" to class certification requirements because the court will not have the opportunity to adjust the class based on information revealed at trial. *Staton*, 327 F.3d at 952-53 (quoting *Amchem*, 521 U.S. at 620); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

### 1. Rule 23(a)(1): Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *EEOC v. Kovacevich "5" Farms*, No. CV-06-165, 2007 U.S. Dist. LEXIS 32330, at *57 (E.D. Cal. April 19, 2007). Here, the proposed Settlement Class is composed of approximately 974 members. Mot. at 17. Therefore, the Court finds that the proposed Settlement Class is sufficiently numerous. *See Ching v. Siemens Indust.*, No. C 11-4838, 2013 U.S. Dist. LEXIS 169279, *11-12 (N.D. Cal. Nov. 27, 2013) (finding that a class of 115 members was sufficiently numerous).

### 2. Rule 23(a)(2): Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The presence of "even a single common question will do[.]" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011) (internal quotations omitted); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule."). "What matters in class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." 131 S.Ct. at 2551 (internal quotations and citations omitted).

The Court finds that Mr. Ma has shown at least one common question of law: whether Covidien's seven-minute rounding policy violates California law. "Defendant applied this policy to all Covidien locations." Supplement at 2. Furthermore, "[f]rom the beginning of the

relevant time period until the present, the evidence suggested [Covidien's] rounding policy was underpaying employees on (1) the clock in, (2) the rounded lunch, and (3) the clock out." *Id.* By showing the presence of at least a single common question of law, Mr. Ma has satisfied the commonality requirement. *See Dukes*, 131 S. Ct. at 2556.

### 3. Rule 23(a)(3): Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; *accord Staton*, 327 F.3d at 957.

Here, the Court finds that Mr. Ma, like every other Class Member, was employed by Covidien as an hourly employee, and his claims arise from the same course of conduct by Covidien as every other Class Member. Therefore, the Court finds that the class representative is typical of the claims or defenses of the class.

### 4. Rule 23(a)(4): Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." First, the Court finds that the attorneys for Settlement Class are competent and experienced in prior wage and hour class action litigation. *See* Decl. of Richard E. Quintilone ¶ 4. Second, the Court finds that the Mr. Ma has no apparent conflicts of interests with absent class members. *See* Decl. of Van Ba Ma ¶ 9. Therefore, the Court finds that the adequacy requirement is satisfied.

### 5. Rule 23(b)(3): Predominance and Superiority

Finally, one of the three conditions under Rule 23(b) must be met; Mr. Ma moves for certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class may be certified if "the court finds that questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods[.]" Fed. R. Civ. P. 23(b)(3); *Hanlon*, 150 F3d at 1022.

### a. Predominance

Mr. Ma identifies a number of common questions of law and fact. At the outset, the Court notes that a few do not constitute common questions. For example, Mr. Ma alleges that Covidien had an auto deduction policy at "a majority of [their] California locations" Supplement at 4—Plaintiffs cannot certify a class on the basis of a question that is common, by Plaintiff's own admission, only to a "majority" of the class. Nevertheless, the Court finds that the following common questions exist across the Settlement Class:

- Whether Covidien had a policy or practice of forcing employees to either cut their meal periods short, take late meal periods, or forgo meal periods altogether, *id.* at 2-3;
- Whether Covidien had a policy or practice of encouraging or allowing employees to work for more than ten hours a day without a third rest period or second meal period, *id.* at 3;
- Whether Covidien's uniform policy of rounding time to seven minutes violated California law, *id.* at 5-6;
- Whether Covidien had a policy or practice of not providing rest periods to its employees, *id.* at 6-7;
- Whether Covidien had an obligation to notify its employees of an entitlement to rest periods, *id.* at 7; and
- Whether Covidien had a policy or practice of not paying termination pay, in accordance with California law, *id.* at 11-12.

The Court recognizes that there will be a number of individual questions, especially with regard to damages. However, the Court finds that common questions predominate over individual questions.

### b. Superiority

"Where class wide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Here, common questions predominate over individual questions, and a class action is clearly a superior vehicle to requiring nearly 1,000 individual suits to proceed.

Accordingly, the Court finds that the requirements of Rule 23(b)(3) are satisfied and conditional class certification is appropriate.

### B. Preliminary Fairness Determination

A proposed settlement under Federal Rule of Civil Procedure 23(e) must be "fundamentally fair, adequate, and reasonable." *Staton*, 327 F.3d at 952. Pursuant to Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

To determine the preliminary fairness of an agreement, the Court balances "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; [and] the presence of a governmental participant." *Staton*, 327 F.3d at 959 (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (2003)); *see also Ching*, 2013 U.S. Dist. LEXIS 169279, at *17 (applying these factors to a preliminary approval of class settlement). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)). The question for preliminary approval of a settlement is whether it is "within the range of reasonableness." *Ross v. Trex Co., Inc.*, No. C 09-670, 2009 U.S. Dist. LEXIS 69633, at *9 (N.D. Cal. July 30, 2009).

The initial determination to approve or reject a proposed settlement is "committed to the sound discretion of the trial judge." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Court's role in evaluating the proposed settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *See Rodriguez v. West Publ'g*

*Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (quoting *Officers for Justice*, 688 F.2d at 625). In evaluating a settlement agreement, it is not the Court's role to second-guess the agreement's terms. *Officers for Justice*, 688 F.2d at 625. "Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986); *see also Hanlon*, 150 F.3d at 1026 ("Neither the district court nor this court ha[s] the ability to delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety."). In general, there is a strong judicial policy favoring class settlements. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

Here, Mr. Ma seems to have a fairly strong case, but it would be subject to a number of defenses by Covidien. Most significantly, Covidien would have arguments that employees were given the opportunity to take breaks and employees were not improperly pressured to forego them. Furthermore, there would be significant risks that the class could not remain certified, if Mr. Ma was not able to show the presence of policies, practices, or any other facts that would act as the glue to hold together all nonexempt California employees.

Given the risks, the Court finds that $2,500,000—or 9.1% of the total value of the action—is "within the range of reasonableness." *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (holding that the settlement should be a reflection of the total value of the claims discounted by the risks and costs of litigation).

### C. Proposed Class Notice

Finally, the Court considers the sufficiency of the parties' notice plan. The notice provided to members of a Rule 23(b)(3) class must be the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). The content and method of the notice should be designed to apprise class members of the settlement terms and class members' rights. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citations omitted). Notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1973).

The Court is satisfied with the modifications to the class notice procedures proposed by the parties. Specifically: (1) class members will have 45 days to submit their class claims; (2) they will be sent an additional reminder postcard after the initial mailing; (3) in addition to physical mail, parties will send emails to all class members who Covidien has addresses for; and (4) the claim and opt out period will be extended for class members whose addresses are out of date to allow them each a total of 45 days to respond.

### III. DISPOSITION

For the reasons explained above, the Court preliminarily approves the class settlement.

DATED: January 31, 2014

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE